UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOMY STERLING,

      Plaintiff,

v.                                           Case No: 6:21-cv-723-PGB-EJK

JANE DOE,

      Defendant.

### ORDER

This cause comes before the Court on the Motion to Quash Third Party Subpoenas (the "Motion"), filed on June 18, 2021, by Defendant Jane Doe, a/k/a Beeism. (Doc. 11.) Plaintiff has filed an opposition in response. (Doc. 13.) Upon consideration, the Motion is due to be denied.

**I.**     **BACKGROUND**

Plaintiff and Defendant are both content creators on the online platform Roblox. (Doc. 11 at 1.) Plaintiff operates under the pseudonym "Pixelated Candy," while Defendant operates under the pseudonym "Beeism" and remains anonymous. (Doc. 1 at 2-3.) Plaintiff filed the present action on April 23, 2021, alleging Defendant posted false and defamatory statements about Plaintiff, damaging her reputation, business, and relationships. (*Id.* at 3-7.) Plaintiff moved for and was granted leave to serve third-party subpoenas on Roblox Corporation and Twitter, Inc., to obtain information that will enable Plaintiff to name and serve Defendant. (Docs. 9, 10.)

Defendant thereafter filed the present Motion to quash the subpoenas issued by Plaintiff. (Doc. 11.)

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 45(d) requires the party issuing a subpoena to ensure that the subpoena does not impose an undue burden or expense on the person subjected to the subpoena. Under Rule 45, a court must quash a subpoena that "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3).

However, non-parties do not have standing to quash a subpoena issued pursuant to Rule 45 unless the information sought involves matters of personal right and privacy. *Auto–Owners Ins. Co. v. Se. Floating Docks, Inc.*, No. 6:05-cv-334-Orl-31JGG, 2005 U.S. Dist. LEXIS 21524, at *3 (M.D. Fla. Sept. 28, 2005); *see Auto-Owners Ins. Co. v. Se. Floating Docks*, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) ("Defendants do not have standing to quash the subpoenas on the grounds of oppression and undue burden placed upon the third parties where the non-parties have not objected on those grounds." (citation omitted)); *see also Boy Racer, Inc. v. John Does 1-34*, No. 11-23035, 2012 U.S. Dist. LEXIS 60862, 2012 WL 1535703, at *3 (S.D. Fla. May 1, 2012) (recognizing a party generally lacks standing to challenge a non-party subpoena, but theoretical exception exists when subpoena compels disclosure of privileged matter); *Maxwell v. Health Ctr. of Lake City, Inc.*, No. 3:05-CV-1056-J-32MCR, 2006 U.S. Dist. LEXIS 36774, 2006 WL 1627020, at *2 (M.D. Fla. June 6, 2006) ("Ordinarily a party does not have standing to quash a subpoena served on a

third party unless the party seeks to quash based on a personal right or privilege relating to the documents being sought." (footnote call number and citations omitted)).

Under Rule 26(c)(1), "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(A). "A district court has broad discretion when fashioning protective orders." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987). Upon a showing of good cause by the party seeking protection, the Court must "balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Tribune Co. et al. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir.2001). Courts have held that when balancing these interests, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Graphic Packaging Int'l, Inc. v. C.W. Zumbiel*, No. 3:10–cv–891–J–JBT, 2010 U.S. Dist. LEXIS 143284, at *3–4, 2010 WL 6790538 (M.D. Fla. Oct. 27, 2010) (internal quotations and citations omitted).

### III.    DISCUSSION

Defendant moves to quash the subpoenas, or obtain a protective order, on the following grounds: (1) Plaintiff fails to state a cause of action; (2) the lawsuit is prohibited by anti-Strategic Lawsuit Against Public Participation ("SLAPP") laws; and (3) they will subject "Doe to [a]nnoyance, [h]arassment, and [o]pression." (Doc. 11.)

The Court previously found that Plaintiff pled a prima facie case when it granted leave to issue the third-party subpoenas. (*See* Doc. 10.) Therefore, the Court will restrict its analysis to Defendant's second and third arguments.

### A. Rule 45

#### i. Anti-SLAPP Statute

The subpoenas at issue are directed to Roblox Corporation and Twitter, Inc., not to Defendant; therefore, Defendant does not have standing to move to quash the subpoenas pursuant to Rule 45 unless the information sought involves matters of personal right and privacy. To that end, Defendant argues that California's and Florida's anti-SLAPP statutes provide such a right. (Doc. 11 at 15-20.)

Defendant does not explain why California law would apply in this action; regardless, federal courts have declined to apply anti-SLAPP statutes like California's because they increase a plaintiff's burden to overcome pretrial dismissal, and thus conflict with Federal Rules 12 and 56. *See* Fed. R. Civ. P. 12, 56; *Gov't Emples. Ins. Co. v. Glassco Inc.*, 2021 U.S. Dist. LEXIS 183510, *10 (M.D. Fla. Sept. 2021) (analyzing the differences between anti-SLAPP statutes and their conflicts with the Federal Rules); *see, e.g.*, *La Liberte v. Reid*, 966 F.3d 79, 83 (2d Cir. 2020) ("[W]e hold that California's anti-SLAPP statute is inapplicable in federal court because it increases a plaintiff's burden to overcome pretrial dismissal, and thus conflicts with Federal Rules of Civil Procedure 12 and 56."); *see also Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 274-75 (9th Cir. 2013) (Kozinski, J., concurring) (discussing how California's anti-SLAPP statute conflicts with Federal Rules of Civil Procedure 11, 12, and 56, among

- 4 -

others); *Carbone v. Cable News Network, Inc.*, 910 F.3d 1345, 1349 (11th Cir. 2018) (holding that Georgia's anti-SLAPP statute's motion-to-strike provision, which contained a "likelihood of success" test, conflicts with Federal Rules of Civil Procedure 8, 12, and 56).

Florida's anti-SLAPP statute prohibits a person from filing a cause of action "against another person or entity [1] *without merit* and [2] primarily because such person or entity has exercised the constitutional right of free speech in connection with a public issue[.]" Fla. Stat. § 768.295(3) (emphasis added); *see also* Fla. Stat. § 768.295(2)(a) (defining "[f]ree speech in connection with public issues" as "any written or oral statement that is protected under applicable law and . . . is made in or in connection with a with a play, movie, television program, radio broadcast, audiovisual work, book, magazine article, musical work, news report, or other similar work.").

Assuming that Florida's anti-SLAPP statute does not conflict with the Federal Rules of Civil Procedure, Defendant nevertheless falls short because the Court previously found that Plaintiff has pled a prima facie case against Defendant. (*See* Doc. 10.) Therefore, this case is not encompassed by Florida's anti-SLAPP statute because it is not without merit. *See, e.g.*, *Buckley v. Moore*, 2021 U.S. Dist. LEXIS 138073, at *29 (M.D. Fla. July 2021) (declining to apply Florida's anti-SLAPP statute where plaintiffs had sufficiently stated a claim).

Because neither California's nor Florida's anti-SLAPP statute applies to this case, those statutes do not provide a basis to quash the subpoena pursuant to Federal Rule of Civil Procedure 45.

### ii. Doe's Right to Speak Anonymously[1]

Defendant further argues that once Does' identity is revealed, she will never be able to retrieve her constitutional right to anonymity. (Doc. 11 at 23.) There is no dispute that the First Amendment protects the right to speak anonymously. *Buckley v. American Constitutional Law Found., Inc.*, 525 U.S. 182, 200 (1999); *Talley v. California*, 362 U.S. 60, 65 (1960). And those First Amendment principles have been extended to protect anonymous speech on the Internet. *See, e.g., Reno v. ACLU*, 521 U.S. 844, 845 & 870 (1997) (There is "no basis for qualifying the level of First Amendment scrutiny that should be applied to [the Internet]."); *see also Sony Music Entm't v. Does*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004).

Still, the First Amendment does not protect defamatory speech—regardless of whether such speech is posted anonymously over the Internet or uttered in public. *Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 572 (1942) ("It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality.") Furthermore, "[p]eople are permitted to interact pseudonymously and anonymously with each other

---

[1] Defendant raised this issue under the third argument of annoyance, harassment, and oppression. However, the issue of a right or privilege as the basis to quash a subpoena arises under Rule 45 not Rule 26(c)(1). *See* Fed. R. Civ. P. 45(d)(3), 26(c)(1).

so long as those acts are not in violation of the law." *Cor Clearing*, 2016 WL 3774127, at *3 (citing *Columbia Ins. Co. v. Seescandy.Com,* 185 F.R.D. 573, 578 (N.D. Cal. 1999)).

The Court agrees with Defendant that the subpoena strips her of the right to speak anonymously and that her anonymity cannot be reclaimed once revealed. (Doc. 11 at 23-24.) However, Plaintiff has alleged that Doe has used her anonymity as a cloak to make defamatory statement in violation of the law. The Court finds that, on balance, Plaintiff's interest in knowing Doe's true identity outweighs Defendant's interest in remaining anonymous. Plaintiff has a significant interest in discovering Doe's identity so that she may proceed with this action and protect against the alleged defamatory statements.

### B. Rule 26

#### i. Defendant Has Not Shown Doe Will Be Subjected to Annoyance, Harassment, and Oppression

Defendant also seeks a protective order against the subpoenas, pursuant to Federal Rule 26(c)(1), because they will subject "Doe to [a]nnoyance, [h]arassment, and [o]pression." (Doc. 11 at 21.)

> Rule 26(c) provides that upon a showing of good cause, a court 'may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.' The party seeking a protective order has the burden to demonstrate good cause, and must make 'a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements' supporting the need for a protective order.

*Auto-Owners*, 231 F.R.D. at 429-30 (citations omitted); Fed. R. Civ. P. 26(c).

In her Motion, Defendant asserts that Plaintiff will utilize the information sought by the subpoena to harass and threaten Defendant. (Doc. 11 at 21-24.)

However, Defendant's assertions are conclusory statements are not supported by any factual allegations that would lead the Court to believe that Plaintiff would annoy, harass, or oppress Defendant. To the contrary, Defendant's allegations point to *Plaintiff's* perceived "victimhood" and harassment based on the alleged actions by Defendant. (Doc. 11 at 22–23.) Therefore, Defendant has not met her burden of establishing by a particular and specific demonstration of fact that she would be annoyed, harassed, or oppressed by the issuance of the subpoena.

## IV.  CONCLUSION

Accordingly, it is hereby **ORDERED** that the Motion (Doc. 11) is **DENIED**. Roblox Corporation and Twitter, Inc., are **ORDERED** to produce information responsive to the subpoenas upon receipt of this Order.

**DONE** and **ORDERED** in Orlando, Florida on October 4, 2021.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record