# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT FLORIDA
# ORLANDO DIVISION

JOMY STERLING,
        Plaintiff,

v.

JANE DOE, aka Beeism,
        Defendant.

C.A. No. 6:21-cv-00723-PGB-EJK

**DEFENDANT JANE DOE'S MOTION FOR STAY
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Jane Doe ("Doe"), by and through the undersigned counsel, respectfully requests this Court stay proceedings in this action pending disposition of Doe's Petition for Writ of Mandamus to the United States Court of Appeals for the Eleventh Circuit (the "Mandamus Petition"). Doe's appearance is limited solely to quashing the Subpoenas (which forms the basis of the Mandamus Petition), and by making this appearance in furtherance of this effort, Doe, a California resident, does not consent or submit to the jurisdiction of this Court.[1]

## Background

Doe and Sterling are both content creators on the online platform Roblox, and this content creation serves as both parties' principal source of income. D.E. 1. Both Doe and Sterling maintain accounts on other social media platforms including Twitter. *Id.* On April 23, 2021, Sterling filed this lawsuit and alleges that

---

[1] In all Doe's prior filings, she has expressly limited her appearances to quashing the Subpoenas and does not consent to the jurisdiction of this Court.

1

Doe made two false and defamatory Tweets about Sterling, damaging Sterling's reputation and business. *Id.*

Due to a desire to maintain her personal privacy, Doe has always remained anonymous online, using the moniker "Beeism" on both Roblox and Twitter. Because Sterling does not know Doe's identity, Sterling moved for leave to serve subpoenas on Roblox and Twitter to obtain Doe's legal identity. D.E. 9. The Magistrate Judge granted Sterling's motion on June 10, 2021. D.E. 10. Sterling then served subpoenas seeking Doe's identifying information on Roblox Inc. and Twitter Inc. (collectively, the "Subpoenas"). Copies of the Subpoenas are attached to D.E. 9 as Exhibit A.

On June 18, 2021, Doe promptly filed her Motion to Quash Third Party Subpoenas (the "Motion to Quash").[2] D.E. 11. Doe sought to quash the Subpoenas on multiple grounds, including that Sterling failed to state a claim for defamation because the allegedly defamatory Tweets were statements of opinion regarding matters placed into the public eye on social media by Sterling or her husband, and thus not actionable under the First Amendment and that Doe's right to speak and remain anonymous was subject to a qualified privilege under the First Amendment and that Serling's claims were insufficient to overcome such privilege *Id.* Further, Doe argued Sterling's lawsuit was prohibited by Florida and California's anti-SLAPP statutes. Finally, Doe argued that quashing the Subpoenas or entering a

---

[2] Therein, Doe expressly stated that her appearance is limited solely to quashing the Subpoenas and that Doe does not consent or submit to the jurisdiction of this Court.

protective order was necessary to prevent Sterling's harassment and oppression of Doe. *Id.*

The Magistrate Judge entered an order denying the Motion to Quash on October 4, 2021. D.E. 16. On October 6, 2021, Doe filed an Objection to Magistrate's Order seeking to set aside the order denying the Motion to Quash pursuant to Federal Rule of Civil Procedure 72(a).[3] D.E. 17. In the Objection, Doe argued that the Magistrate Judge erred in denying the Motion to Quash by not giving proper consideration to Doe's First Amendment privilege to speak anonymously and constitutional arguments regarding sufficiency of Sterling's defamation actions, as well as by failing to apply state anti-SLAPP laws. *Id.* The Court entered an order overruling the Objection on February 2, 2022 (the "Objection Order"). D.E. 24.

Contemporaneously with this Motion, Doe has filed the Mandamus Petition with the United States Court of Appeals for the Eleventh Circuit seeking a writ of mandamus quashing this Court's orders on the Motion to Quash and Objection. Because compelled disclosure of Doe's identity prior to exhaustion of all possible legal avenues of relief would irreparably harm Doe, Doe also seeks to have further proceedings, including all discovery, stayed in this Court.

**Incorporated Memorandum of Law**

---

[3] Therein, Doe again expressly stated that her appearance is limited solely to quashing the Subpoenas and that Doe does not consent or submit to the jurisdiction of this Court.

3

"The Court 'has broad discretion to stay proceedings as an incident to its power to control its own docket.'" *Chevaldina v. Katz*, No. 17-22225-Civ-WILLIAMS/TORRES, 2017 U.S. Dist. LEXIS 137752, at *5 (S.D. Fla. Aug. 28, 2017) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). This discretion includes the management of discovery. *Chevaldina*, 2017 U.S. Dist. LEXIS 137752, at *6 (*citing Johnson v. Bd. of Regents of Univ. of Georgia*, 263 F.3d 1234, 1269 (11th Cir. 2001)) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.").

In deciding to grant a stay pending appeal, the court should consider whether "(1) Appellant is likely to prevail on the merits of the appeal; (2) absent a stay, Appellant will suffer irreparable harm; (3) Appellees will not suffer substantial harm from the imposition of a stay; and (4) the public interest is served by a stay." *Horizons A Far, LLC v. Webber (In re Soderstrom)*, No. 6:12-cv-1164-Orl-37, 2012 U.S. Dist. LEXIS 131398, at *4, 2012 WL 4058092 (M.D. Fla. Sep. 14, 2012) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

If the balance of equities heavily favors the stay, that can make up for a lesser showing on the likelihood-of-prevailing factor. *Id.* Mere delay is a de minimis harm to an appellee if the appellant will suffer irreparable harm absent a stay. *Id.* at * 7.

4

First Amendment interests, which courts have a duty to consider when supervising discovery in defamation cases, support a stay of discovery in this action. *Herbert v. Lando*, 441 U.S. 153, 179-80 (1979) (Powell, J., concurring). This is because litigation itself, including discovery, may operate to chill protected speech. *Id.* at 180 (Powell, J., concurring); *McBride v. Merrell Dow and Pharm., Inc.*, 717 F.2d 1460, 1466-67 (D.C. Cir. 1983) ("[T]he risks and high costs of [defamation] litigation may lead to undesirable forms of self-censorship.").

Courts have routinely forbidden discovery in defamation cases until the determination of threshold matters. *See, e.g.*, *Bruno & Stillman v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("As a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery powers in a fishing expedition."); *Moldea v. New York Times Co.*, 137 F.R.D. 1, 2 (D.D.C. 1990) (granting stay of discovery in libel action in light of "significant First Amendment issues" and other considerations); *see also Matthews v. City of Maitland*, 923 So. 2d 591, 595 (Fla. Dist. Ct. App. 2006) (quashing orders compelling disclosures of anonymous contributors to web site raising funds to challenge city zoning decision).

The Eleventh Circuit has recognized that a discovery order compelling disclosure of privileged information gives rise to serious injury upon disclosure. *See, e.g.*, *In re Fink*, 876 F.2d 84, 84 (11th Cir. 1989). The Eleventh Circuit has further recognized "the difficulty of obtaining effective review once the privileged

5

information has been made public." *Id.* Thus, in this circuit an appeal after final judgment is an inadequate form of relief for Doe should her identity be disclosed.

Courts in other circuits have also recognized that "a remedy after final judgment cannot unsay the confidential information that has been revealed . . . ." *Sims v. Blot*, 534 F.3d 117, 129 (2d Cir. 2008) (*quoting In re von Bulow*, 828 F.2d 94, 99 (2d Cir. 1987)); *see also In re Kellogg Brown & Root, Inc.*, 756 F.3d 754, 761 (D.C. Cir. App. 2014); *In re United States Dep't of Homeland Sec.*, 459 F.3d 565, 568 (5th Cir. 2006).

Courts have ruled that a stay pending appellate review is appropriate for this type of "cat out of the bag" discovery of privileged or confidential information. *See Sandalwood Estates Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 09-CV-80787-RYSKAMP/VITUNAC, 2010 U.S. Dist. LEXIS 150603 *2-3 (S.D. Fla. June 3, 2010) (granting stay despite finding the Eleventh Circuit was unlikely to grant writ of mandamus, where petitioner would likely suffer irreparable harm absent stay due to "cat out of the bag" nature of discovery of privileged information); *see also Webber*, 2012 U.S. Dist. LEXIS 131398, at *8 ("Once the sale has been completed, the cat is out of the bag. The Court is wary of authorizing such an action before it has fully heard the merits of the appeal.").

This Court should "be satisfied that [Sterling's] claim is not frivolous, a pretense for using discovery powers in a fishing expedition," prior to allowing discovery to continue. *Bruno*, 633 F.2d, at 597. Doe has vigorously defended her anonymity in this action. In doing so, Doe has raised multiple arguments as to the

6

validity of this action under the First Amendment as well as under Florida and California's anti-SLAPP laws. Doe is now pursuing resolution of these questions before the Eleventh Circuit, and such resolution may significantly alter the trajectory of this case. If the Eleventh Circuit determines that this case is not viable under one or more of Doe's asserted theories, then there is no need to disclose her identity via the Subpoenas or otherwise.

The Magistrate Judge correctly "agrees with [Doe] that the subpoena strips her of the right to speak anonymously and that her anonymity cannot be reclaimed once revealed." D.E. 16 at p. 7. It is without doubt that once Doe's identity is handed over to Sterling, Doe will never again be able to be anonymous. If disclosure of Doe's identity is compelled, there is nothing an appeal after final judgment could offer Doe to regain what was lost. Doe has already explained her concerns for her physical wellbeing if her identity is disclosed to Sterling. That Doe is pursuing a remedy as extraordinary as mandamus should speak to the legitimacy and depth of her fears.

This case is emblematic of the "cat out of the bag" situations where other courts have found stays appropriate pending appeal. Even if this Court does not believe Doe will succeed on her petition, the gravity of the harm which will befall Doe if her anonymity is stripped compels a stay in these circumstances. Similarly, any harm to Sterling by way of delay is outweighed by the irreparable harm Doe will suffer absent a stay. The public interest also favors a stay, as this case

7

implicates First Amendment freedoms to speak anonymously, and premature disclosure of Doe's identity will have a chilling effect on speech.

Once disclosed, Doe's identity will never again be her own. In addition to presenting a serious constitutional issue, it is a threat to Doe's safety. The threat of harm, either constitutional or physical, constitutes good cause for a stay. There is no remedy for Doe on final appeal, no matter how this lawsuit continues. Doe's anonymity must be protected now, or it will be gone forever. Therefore, discovery must be stayed to prevent disclosure of Doe's identity prior to appellate resolution of dispositive issues in this case.

WHEREFORE, Defendant Jane Doe respectfully requests this Court issue an order staying discovery and all further proceedings pending disposition of the Mandamus Petition and awarding any other such relief as deemed just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Prior to filing the instant motion, the undersigned has conferred with opposing counsel regarding the subject matter hereof, and the issues herein have not been resolved.

Respectfully submitted this 8th day of February, 2022.

Adam C. Losey, Esq.
Florida Bar No. 69658
George R. Coe, Esq.

8

Florida Bar No. 298440
Ian T. Johnson, Esq.
Florida Bar No. 1026225
LOSEY PLLC
1420 Edgewater Dr.
Orlando, FL 32804
(407) 906-1605
alosey@losey.law
gcoe@losey.law
ijohnson@losey.law
docketing@losey.law

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2022, a true and correct copy of this Motion was filed via the ECF system, causing a copy to be served on all counsel of record.

Adam C. Losey, Esq.
Florida Bar No. 69658