UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOMY STERLING,<br><br>        Plaintiff,<br><br>v.<br><br>JANE DOE (AKA BEEISM),<br><br>        Defendant. | C.A. No. 6:21-cv-00723-PGB-EJK |

**PLAINTIFF'S RESPONSE TO DEFENDANT JANE DOE'S MOTION FOR STAY AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, Jomy Sterling ("**Ms. Sterling**" or "**Plaintiff**"), respectfully submits this response memorandum to Defendant Jane Doe's Motion for Stay at [Doc. 26] (the "**Motion For Stay**"). The Motion For Stay should be denied because Beeism (1) is unlikely to prevail on the merits of the writ of mandamus filed with the 11th Circuit Court of Appeals and (2) will not be irreparably harmed without the issuance of the stay.

I. **LEGAL STANDARD**

"Because a stay pending appeal interrupts the ordinary process of judicial review and postpones the final resolution of litigation, it is considered extraordinary relief for which the moving party bears a heavy burden." *Nunez v. U.S.*, No.

17-20440-CIV, 2018 U.S. Dist. LEXIS 202451, at *2 (S.D. Fla. Nov. 27, 2018) (quoting *Wyatt ex rel. Rawlins v. Sawyer*, 190 F.R.D. 685, 689 (M.D. Ala. 1999)) (internal quotations omitted).

"The Court must consider the following factors when determining whether a stay is warranted: (1) whether the petitioner is likely to prevail on the merits of the appeal or writ; (2) whether the petitioner will be irreparably harmed without the issuance of a stay; (3) whether the issuance of the stay will substantially harm other parties interested in the proceedings; and (4) whether the public interest will be disserved in granting the stay." *Id.* (quoting *Nowak v. Lexington Ins. Co.*, No. 05-21682CIV-MORENO, 2006 U.S. Dist. LEXIS 92388, at *6 (S.D. Fla. June 19, 2006)).

The writ of mandamus "is a drastic and extraordinary remedy reserved for really extraordinary causes." *Townsend v. Schron (In re Townsend)*, 679 Fed. Appx. 802, 804 (11th Cir. 2017) (quoting *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004)). To prevail on the merits of a writ of mandamus, the petitioner must satisfy the following three conditions: (1) the petitioner "must have no other adequate means to attain the relief [she] desires," *Cheney*, 542 U.S. at 380-81; (2) the petitioner's right to issuance of the writ must be "clear and indisputable," *Id.* at 381; and (3) if the first two requirements are met, "the issuing

court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Id.*

## II. ARGUMENT

**a.     Beeism is unlikely to prevail on the merits of the writ because Beeism has an alternative remedy to protect her identity during the litigation and her right to mandamus relief is not clear and indisputable.**

As discussed above in order for Beeism to prevail on the merits of the writ of mandamus she must show she has no other adequate means to attain the relief she desires. Here, she has the ability to move for a protective order. Indeed, the Court in (Doc. 24) at page 9, footnote 2 stated "Defendant may also attempt to seek further relief to temporarily protect her anonymity in filings in this Court after her identifying information is obtained via subpoena by seeking a protective order or an order to seal under the appropriate Federal Rules or Local Rules." Beeism has not exhausted this remedy, therefore, the writ should not issue.

Further, Beeism's right to mandamus relief is not clear and indisputable. As the Court concluded both Tweets alleged in Ms. Sterling's complaint, at least in part, contain alleged false statements of fact and that the wellness Tweet is "at least susceptible to the defamatory insinuation that Plaintiff was in some way responsible for her husband's state of non-communication." (Doc. 24, pp. 6-7). As such, Magistrate Kidd did not engage in clear error in concluding that parts of the Tweets are facially defamatory at this stage in the proceedings. Because the

First Amendment does not protect one from publishing defamatory statements, Beeism's right to remain anonymous at this stage of the proceedings is not clear and indisputable. *See Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 572 (1942) (libelous words do not offend the First Amendment).

Because Beeism has an alternative remedy to protect her identity and her right to remain anonymous despite Ms. Sterling's prima facie showing of defamation is not clear and indisputable, the writ she seeks is not likely to succeed. Accordingly, a stay is not appropriate in these circumstances.

**b.    Beeism will not be irreparably harmed without the issuance of the stay because the Court has already restricted Ms. Sterling's use of any identifying information she receives, and she has the ability to move for a protective order that will keep her true identity under seal during these proceedings.**

Beeism will not be irreparably harmed in the absence of a stay because as the Court already observed Magistrate Kidd's order places limits on Ms. Sterling's ability to use information she receives from Roblox or Twitter. *See* (Doc. 10, p. 2) ("Any information disclosed to Plaintiff in response to the subpoenas may be used by her solely for the purpose of prosecuting this lawsuit.").  Further, Beeism has the ability to seek a protective order or an order to seal her true identity, as discussed above, which can further protect her identity during these proceedings.

In any event, the Motion For Stay does not provide anything other than conclusory assertions that Beeism will be irreparably harmed in the absence of a

stay. Conclusory statements do not establish the burden of persuasion required to satisfy the irreparable harm prerequisite for a stay. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000). Indeed, the asserted irreparable injury "must be neither remote nor speculative, but actual and imminent." *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal quotations and citations omitted). The asserted injury here is neither actual nor imminent.

### III.  CONCLUSION

For the foregoing reasons, the Motion For Stay should be denied in its entirety.

DATED: February 22, 2022                    Respectfully submitted,

Jomy Sterling,

By Her Attorney,
/s/ Shaun P. Keough
Shaun P. Keough (Trial Counsel)
Keough Law, PLLC
Florida Bar  # 1000985
3505 Lake Lynda Dr., Suite 200
Orlando, FL 32817
Tel.: (321) 262-1146
E-mail: skeough@yourtrademarkdefender.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on February 22, 2022, I served a true and accurate copy of the foregoing to Beeism's counsel via the Court's CM/ECF filing system.

BY: /s/ Shaun P. Keough
Shaun P. Keough (Trial Counsel)

Florida Bar # 1000985