**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**JOMY STERLING,**

        **Plaintiff,**

v.                                         **Case No: 6:21-cv-723-PGB-EJK**

**JANE DOE,**

        **Defendant.**

_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Stay (Doc. 26 (the "**Motion**")) and Plaintiff's response thereto (Doc. 27). The Motion is due to be granted.

**I.     BACKGROUND**

Plaintiff and Defendant are content creators on the online platform Roblox from which they each derive their principal source of income. (Doc. 17, p. 2). Both also maintain Twitter accounts where they promote their Roblox content and interact with other Roblox users. (*Id.*). Defendant Jane Doe has always chosen to stay anonymous online, using the name "Beeism" on both platforms. (*Id.* at p. 3). Plaintiff brought this action alleging that Defendant twice sent out defamatory Tweets regarding Plaintiff which subsequently damaged her reputation, business, and relationships. (Doc. 1, pp. 3–7).

Plaintiff moved for and was granted leave, without opposition, to serve third-party subpoenas on Roblox Corporation and Twitter to obtain information that will enable Plaintiff to name and serve process on Defendant. (Docs. 9, 10). In the Order granting leave for Plaintiff to serve third-party subpoenas, Magistrate Judge Kidd stated that, "[g]ood cause may exist to identify a Doe defendant, so that the plaintiff may serve process and the case can proceed, when the plaintiff can demonstrate that she has pled a prima face case" and that "[h]ere, Plaintiff alleges claims for defamation and trade libel by virtue of [Defendant's publication of] Tweets about Plaintiff that Plaintiff claims are false and have caused her harm." (Doc. 10, pp. 1–2).

Defendant filed a Motion to Quash the subpoenas ten days later. (Doc. 11). Magistrate Judge Kidd denied the Motion to Quash, relying in part on his previous finding that Plaintiff stated a prima facie case of defamation. (Doc. 16, pp. 3–4). Defendant then objected to Magistrate Judge Kidd's Denial of her Motion to Quash under Federal Rule of Civil Procedure 72(a). (Doc. 17). The Court overruled the objection, finding that Defendant had not met her burden to show that Magistrate Judge Kidd's rulings were contrary to law or clearly erroneous. (Doc. 24). Importantly, the Court explained that:

> While Defendant cites to a plethora of *non-binding* authorities to support her argument, Magistrate Judge Kidd did not misapply or fail to apply any relevant *binding* statutes, case law, or rules of procedure—other alternative approaches notwithstanding. After all, "orders from other districts have no precedential value." *Gulfside, [Inc. v. Lexington Ins. Co.*, No. 2:19-cv-851, 2021 U.S. Dist. LEXIS 90550,] at *7 [(M.D. Fla. May 12, 2021)]. In addition, while Magistrate Judge Kidd

2

> may not have addressed each of Defendant's arguments with the detail Defendant might prefer, the Court cannot say that Magistrate Judge Kidd's decisions were clearly erroneous given the broad discretion which he is afforded when ruling on non-dispositive motions.

(Doc. 24, pp. 4–5) (emphasis in original). Defendant recently filed a petition for a writ of mandamus from the Eleventh Circuit to reverse the Court's affirmance of Magistrate Judge Kidd's Order. (Doc. 25). Defendant now seeks a stay of these proceedings, pending resolution of her Writ of Mandamus. (Doc. 26).

## II. STANDARD OF REVIEW

In order to be entitled to a stay pending an appeal, movants must establish the following four factors: (1) they are likely to prevail on the merits of their mandamus appeal; (2) absent a stay, they will suffer irreparable harm; (3) the non-movant will not suffer substantial harm from the issuance of the stay; and (4) the public interest will be served by its issuance. *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986). Generally, likelihood of success on the merits is the most important element movants must establish. *Id.* In the event movants cannot establish a likelihood of success on the merits, movants may nevertheless be entitled to a stay if they can demonstrate that the three remaining factors for stay relief weigh strongly in their favor. *Id.*

To show likelihood of success on the merits here, Defendant must demonstrate her mandamus appeal is likely to succeed. "Mandamus is not a substitute for appeal; it is available only in exceptional cases, where there is a 'clear abuse of discretion or usurpation of judicial power.'" *In Re Fink*, 876 F.2d 84, 84

3

(quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953)). "The writ of mandamus 'is a drastic and extraordinary remedy reserved for really extraordinary causes.'" *In re Townsend*, 679 Fed. App'x. 802, 804 (11th Cir. 2017)[1] (quoting *Cheney v. U.S. Dist. Ct. for the Dist. of Columbia*, 542 U.S. 367, 380 (2004)). To prevail on the merits of a writ of mandamus, the petitioner must satisfy the following three conditions: (1) the petitioner "must have no other adequate means to attain the relief [she] desires"; (2) the petitioner's right to issuance of the writ must be "clear and indisputable"; and (3) if the first two requirements are met, "the issuing court, in the exercise of its discretion, must be satisfied that the writ is appropriate under the circumstances." *Cheney*, 542 U.S. at 380–81.

"Mandamus is often an appropriate method of review of orders compelling discovery." *In Re Fink*, 876 F.2d at 84 (citations omitted). Mandamus relief may be appropriate for discovery orders which may compromise a claim of privilege or invasion of privacy rights depending on the importance of the privilege, the seriousness of the injury if discovery is obtained, and the difficulty of obtaining effective review post-disclosure. *Id.* (citations omitted). Therefore, if there has been a clear abuse of discretion in allowing discovery, mandamus is an appropriate remedy. *Id.*

---

[1] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

4

## III. DISCUSSION

Defendant's Motion succeeds because, while she is not likely to succeed on the merits of her mandamus appeal, the equities counsel a stay as the underlying issues are appealed.

The Court doubts it abused its discretion when it overruled Defendant's objection to Magistrate Judge Kidd's Denial of her Motion to Quash. In her brief in support of her mandamus petition and her Motion to Stay, Defendant largely rehashes arguments the Court rejected while failing to meaningfully address the Court's reasoning. (Docs. 25, 26). In particular, Defendant fails to address why the Court was obligated to overrule the Magistrate Judge when no binding authority required the Court to do so and when considering Rule 72's deferential standard of review which allows for setting aside a magistrate judge's non-dispositive order only when it is "clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a); (Doc. 24, pp. 4–5). Remarkably, Defendant mentions Rule 72 only once in passing and never addresses in its petition to the Eleventh Circuit why the Court's crucial distinction between binding and non-binding authority is incorrect. (*See* Doc. 25, pp. 3–31). Without a thorough going attempt to rebut the Court's reasoning, the Court sees no basis for a finding it clearly and indisputably abused its discretion. Consequently, the Court finds that Defendant is unlikely to succeed on the merits of its petition for a writ of mandamus.

However, Defendant's Motion can still succeed because the three remaining stay factors weigh in her favor. *Garcia-Mir*, 781 F.2d at 1453. The Court first

5

addresses irreparable harm. While Magistrate Judge Kidd placed restrictions on the use of Defendant's identity once discovered, he also acknowledged that Defendant would still in some way lose her anonymity. (Doc. 16, p. 7 ("the subpoena strips her of the right to speak anonymously and that her anonymity cannot be reclaimed once revealed"); Doc. 24, pp. 8–9 (citing Doc. 10, p. 2 ("Any information disclosed to Plaintiff in response to the subpoenas may be used by her solely for the purpose of prosecuting this lawsuit."))). While Defendant still has not satisfied the Court that her worries of harassment are anything beyond conjecture, the partial loss of her anonymity cannot be remedied after the fact, even when many partial remedies are available that lessen the potential harm from the use of Defendant's identity to prosecute this case. (*See* Doc. 24, pp. 8–9, 12–13). Furthermore, the public will benefit from a stay; First Amendment interests could needlessly be chilled in the unlikely event the Eleventh Circuit intervenes on Defendant's behalf. Last, the non-moving Plaintiff will not be harmed beyond mere delay.

### IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** that:

1. Defendant's Motion to Stay (Doc. 26) is **GRANTED**.
2. The Court hereby **STAYS** these proceedings, including all further discovery, pending the disposition of Defendant's petition for a writ of mandamus from the Eleventh Circuit.

3. Defendant is **DIRECTED** to provide the Court a status report every ninety (90) days hereafter regarding the pendency of its petition.

**DONE AND ORDERED** in Orlando, Florida on February 24, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties