UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOMY STERLING,<br>      Plaintiff,<br>v.<br><br>JANE DOE, aka Beeism,<br>      Defendant. | C.A. No. 6:21-cv-00723-PGB-EJK |

**UNOPPOSED MOTION TO EXTEND STAY
AND INCORPORATED MEMORANDUM OF LAW**

Defendant Jane Doe ("Doe"), by and through the undersigned counsel, respectfully requests this Court extend the stay of proceedings in this action pending the filing and disposition of Doe's Petition for Writ of Certiorari to the United States Supreme Court (the "Certiorari Petition").[1] Doe's appearance is limited solely to quashing the Subpoenas (which forms the basis of the Certiorari Petition), and by making this appearance in furtherance of this effort, Doe, a California resident, does not consent or submit to the jurisdiction of this Court.[2]

**Background**

Doe and Sterling are both content creators on the online platform Roblox, and this content creation serves as both parties' principal source of income. D.E. 1.

---

[1] This Court previously ordered this action stayed pending disposition of Doe's petition for relief to the Eleventh Circuit, and no order has been entered lifting this stay. D.E. 28. Thus, Doe brings this motion seeking to extend the present stay. If this Court deems the prior stay lifted automatically, Doe requests this motion be treated as requesting imposition of a new stay of proceedings.
[2] In all Doe's prior filings, she has expressly limited her appearances to quashing the Subpoenas and does not consent to the jurisdiction of this Court.

1

Both Doe and Sterling maintain accounts on other social media platforms including Twitter. *Id.* On April 23, 2021, Sterling filed this lawsuit and alleges that Doe made two false and defamatory Tweets about Sterling, damaging Sterling's reputation and business. *Id.*

Due to a desire to maintain her personal privacy, Doe has always remained anonymous online, using the moniker "Beeism" on both Roblox and Twitter. Because Sterling does not know Doe's identity, Sterling moved for leave to serve subpoenas on Roblox and Twitter to obtain Doe's legal identity. D.E. 9. The Magistrate Judge granted Sterling's motion on June 10, 2021. D.E. 10. Sterling then served subpoenas seeking Doe's identifying information on Roblox Inc. and Twitter Inc. (collectively, the "Subpoenas").

On June 18, 2021, Doe promptly filed her Motion to Quash Third Party Subpoenas (the "Motion to Quash").[3] D.E. 11. The Magistrate Judge entered an order denying the Motion to Quash on October 4, 2021. D.E. 16. On October 6, 2021, Doe filed an Objection to Magistrate's Order seeking to set aside the order denying the Motion to Quash pursuant to Federal Rule of Civil Procedure 72(a).[4] D.E. 17. The Court entered an order overruling the Objection on February 2, 2022 (the "Objection Order"). D.E. 24.

---

[3] Therein, Doe expressly stated that her appearance is limited solely to quashing the Subpoenas and that Doe does not consent or submit to the jurisdiction of this Court.
[4] Therein, Doe again expressly stated that her appearance is limited solely to quashing the Subpoenas and that Doe does not consent or submit to the jurisdiction of this Court.

On February 8, 2022, Doe filed a Petition for a Writ of Mandamus with the United States Court of Appeals for the Eleventh Circuit seeking a writ of mandamus quashing this Court's orders on the Objection (the "Mandamus Petition"). D.E. 25. In connection with the Petition, Doe moved this Court to stay the proceedings pending disposition of the Petition. D.E. 26 (the "Motion to Stay"). This Court granted Doe's Motion for Stay in an order dated February 24, 2022. D.E. 28.

The Eleventh Circuit denied Doe's Petition on March 9, 2022. D.E. 29. Pursuant to Supreme Court Rule 13, Doe may file a petition for a writ of certiorari with the United States Supreme Court within 90 days of the entry of the Eleventh Circuit's ruling. Doe is presently preparing such petition requesting the Supreme Court take up questions regarding the standard of review under the First Amendment applied in this case and the applicability of state laws relied on by Doe in her prior filings, which this Court found inapplicable in federal court. Doe will file said petition within the allotted time frame under Supreme Court Rule 13.

Because compelled disclosure of Doe's identity prior to exhaustion of all possible legal avenues of relief would irreparably harm Doe, Doe also seeks to have further proceedings, including all discovery, stayed in this Court. Counsel for Doe has conferred with counsel for Plaintiff, and Plaintiff does not oppose the relief sought herein.

## Incorporated Memorandum of Law

In deciding to grant a stay pending appeal, the court should consider whether "(1) Appellant is likely to prevail on the merits of the appeal; (2) absent a stay, Appellant will suffer irreparable harm; (3) Appellees will not suffer substantial harm from the imposition of a stay; and (4) the public interest is served by a stay." *Horizons A Far, LLC v. Webber (In re Soderstrom)*, No. 6:12-cv-1164-Orl-37, 2012 U.S. Dist. LEXIS 131398, at *4, 2012 WL 4058092 (M.D. Fla. Sep. 14, 2012) (citing *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)).

If the balance of equities heavily favors the stay, that can make up for a lesser showing on the likelihood-of-prevailing factor. *Id*. Mere delay is a de minimis harm to an appellee if the appellant will suffer irreparable harm absent a stay. *Id*. at * 7.

In ruling on Doe's Motion to Stay, this Court expressed doubts as to Doe's likelihood of success in seeking mandamus relief. Doe concedes that this Court is likely unconvinced of her likelihood of success on the Certiorari Petition and thus the first factor weighs against extending the stay.

However, the Court also concluded that the three remaining factors favored a stay. D.E. 28 at p. 5. As to the second factor, this Court found that "the partial loss of her anonymity cannot be remedied after the fact, even when many partial remedies are available that lessen the potential harm from the use of Defendant's identity to prosecute this case." *Id*. at p. 6. As to the third factor, this Court determined that "Plaintiff will not be harmed beyond mere delay." *Id*. As to the

fourth factor, this Court found that the public interest would benefit from a stay even if appellate intervention was unlikely. *Id.*

These three factors also support extending the stay. Doe is committed to exhausting all legal avenues to defend her identity. This Court has agreed with Doe that there is no remedy after the fact for the loss of her anonymity, and thus the second factor favors a stay. The First Amendment considerations acknowledged by the Court continue to favor a stay. Finally, Plaintiff will not be harmed by grant of a stay and Plaintiff does not oppose the stay. Therefore, these three factors outweigh considerations of Doe's likelihood of obtaining appellate relief, and the stay should be extended.

WHEREFORE, Defendant Jane Doe respectfully requests this Court issue an order staying discovery and all further proceedings pending disposition of the Certiorari Petition and awarding any other relief as deemed just and proper.

## LOCAL RULE 3.01(g) CERTIFICATION

Prior to filing the instant motion, the undersigned has conferred with opposing counsel regarding the subject matter hereof and opposing counsel does not object to the relief sought herein.

Respectfully submitted this 16th day of March, 2022.

Adam C. Losey, Esq.

Florida Bar No. 69658
George R. Coe, Esq.
Florida Bar No. 298440
Ian T. Johnson, Esq.
Florida Bar No. 1026225
LOSEY PLLC
1420 Edgewater Dr.
Orlando, FL 32804
(407) 906-1605
alosey@losey.law
gcoe@losey.law
ijohnson@losey.law
docketing@losey.law

## CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2022, a true and correct copy of this Motion was filed via the ECF system, causing a copy to be served on all counsel of record.

Adam C. Losey, Esq.
Florida Bar No. 69658