**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOMY STERLING,**

        **Plaintiff,**

v.                                           **Case No: 6:21-cv-723-PGB-EJK**

**JANE DOE,**

        **Defendant.**
_____/

## ORDER

This cause comes before the Court on Plaintiff's Motion to Lift the Court's Stay, Amend the Complaint, and Extend Service Deadlines (Doc. 34 (the "**Motion**")) and Defendant's response thereto (Doc. 35). Upon consideration, the Motion is due to be granted.

This case flows from allegedly defamatory statements made online. Plaintiff and Defendant are content creators on the online platform Roblox from which they each derive their principal source of income. (Doc. 17, p. 2). Both also maintain Twitter accounts where they promote their Roblox content and interact with other Roblox users. (*Id.*). Defendant Jane Doe uses the name "Beeism" on both platforms but otherwise has remained anonymous. (*Id.* at p. 3). Plaintiff brought this action alleging that Defendant twice sent out defamatory Tweets regarding Plaintiff which subsequently damaged her reputation, business, and relationships. (Doc. 1, pp. 3–7).

Plaintiff moved for and was granted leave, without opposition, to serve third-party subpoenas on Roblox Corporation and Twitter to obtain information that would have enabled Plaintiff to name and serve process on Defendant. (Docs. 9, 10). Defendant filed a Motion to Quash the subpoenas ten days later. (Doc. 11). Magistrate Judge Kidd denied the Motion to Quash. (Doc. 16, pp. 3–4). Defendant then objected to Magistrate Judge Kidd's Denial of her Motion to Quash under Federal Rule of Civil Procedure 72(a). (Doc. 17). The Court overruled the objection, finding that Defendant had not met her burden to show that Magistrate Judge Kidd's rulings were contrary to law or clearly erroneous. (Doc. 24).

To appeal, Defendant filed a petition for a writ of mandamus from the Eleventh Circuit to reverse the Court's overruling of the objection to Magistrate Judge Kidd's Order. (Doc. 25). In light of the appeal, the Court granted Defendant a discretionary stay of the case. (Doc. 28). The Eleventh Circuit denied Defendant's petition. (Doc. 29). Defendant sought an extension of the Court's discretionary stay, which the Court granted, so that Defendant could seek a writ of certiorari from the United States Supreme Court. (Docs. 30, 31).

Plaintiff now moves to lift the stay, amend the Complaint, and extend the deadline for service of process for 90 days upon reopening of the case. (Doc. 34). Plaintiff explains that, while the case was stayed, she was able to match a photo published by Defendant's Twitter account with another online social media photo so that she "now reasonably believes Beeism is a person named Madilynn De La Rosa." (*Id*. at p. 3). Plaintiff seeks to amend her Complaint so that she can name

2

Ms. De La Rosa as the defendant and requests the deadline of service be accordingly extended. (*Id.* at pp. 3–5). Defendant responded in opposition that it cannot confirm or deny Plaintiff's allegations as to the identity of Jane Doe but that it opposes an extension of the service deadline. (Doc. 35, p. 2).

Defendant nowhere directly opposes a lifting of the Court's discretionary stay in its response. (*See id.*). This lack of opposition makes sense because Defendant acknowledges that Plaintiff may amend its Complaint as a matter of course under Rule 15(a)(1)(A): Defendant has not yet been served and no amendments to the complaint have yet been filed. FED. R. CIV. P. 15(a)(1)(A) ("A party may amend its pleading once as a matter of course within 21 days after serving it"); (Doc. 35, p. 4). Consequently, once the Complaint is amended Defendant's appeal will be moot and the reason for the Court's stay will evaporate. As such, the Court will grant Plaintiff's request to reopen the case and to amend the complaint.

Defendant nevertheless opposes an extension of the deadline for service of process deadline under Federal Rule of Civil Procedure 4(m). Under that rule, a plaintiff is responsible for serving the defendant with a summons and the complaint within the time allowed. FED. R. CIV. P. 4(c)(1). Rule 4(m) requires a plaintiff to properly serve the defendant within 90 days of the plaintiff filing the complaint. FED. R. CIV. P. 4(m). Of course, without knowledge of Defendant's identity, Plaintiff failed to comply with this rule while it waited for the resolution of the dispute regarding its third-party subpoenas. However, Rule 4(m) further

3

provides that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* "Good cause exists only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (internal alterations, quotations, and citations omitted).

Defendant argues that Plaintiff has not addressed these "outside factors" or addressed why Plaintiff has now come forward with the alleged identity of Jane Doe rather than at some point previously. (Doc. 35, pp. 2–4). The Court finds this argument unpersuasive because Defendant's opposition to Plaintiff's production of Defendant's identity from the third parties plainly constitutes an "outside factor" beyond Plaintiff's control. *Id.* Moreover, it was not negligent or inadvertent error for Plaintiff to fail to comb the whole of the internet in order to match photos published by Defendant's online personae with those published by other social media accounts.[1] As such, the Court finds good cause exists for an extension of the deadline for service of process.[2]

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

---

[1]  The Court refuses to weigh in on Defendant's speculation regarding the timing of the Motion or the method by which Plaintiff matched the online photos without any evidence of impropriety.

[2]  The Court pauses finally to address Defendant's accusation that Plaintiff has used its Motion to evade a Court order and to "dox" Doe—that is, to publicly identify and drop documents about the alleged identity of Doe. (Doc. 35, pp. 5–7). Certainly, if Plaintiff had obtained Defendant's identity through the third-party subpoenas and then released it to the public, Plaintiff would have violated past Court Orders. As this is not the case, the Court fails to see the pertinence of Defendant's accusations to the matter at hand.

1. Plaintiff's Motion (Doc. 34) is **GRANTED**;

2. The Clerk of Court is **DIRECTED** to **REOPEN** this case;

3. On or before **June 1, 2022**, Plaintiff may file an Amended Complaint consistent with the directives of this Order. Failure to so file may result in dismissal without prejudice without further notice.

4. The service of process deadline is **EXTENDED** so that Plaintiff will have **ninety (90) days** from the day it files its Amended Complaint to serve the defendants named therein.

**DONE AND ORDERED** in Orlando, Florida on May 27, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties