**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| JOMY STERLING,<br><br>　　　　Plaintiff,<br><br>v.<br><br>MADILYNN DE LA ROSA (f/k/a MADILYNN ELANE FRISCH) (a/k/a BEEISM),<br><br>　　　　Defendant. | C.A. No. 6:21-cv-00723-PGB-EJK |

### PLAINTIFF'S RESPONSE TO DEFENDANT JANE DOE'S MOTION FOR CLARIFICATION AND ALTERNATIVELY MOTION FOR STAY AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, Jomy Sterling ("**Ms. Sterling**" or "**Plaintiff**"), hereby respectfully submits this response to Defendant Jane Doe's Motion for Clarification and Alternatively Motion for Stay and Incorporated Memorandum of Law at (Doc. 53) (the "**Motion for Stay**"). Ms. Sterling does not oppose clarification with respect to whether the earlier stay in this case was lifted via the Court's order at (Doc. 36), but opposes the Motion for Stay to the extent it requests a stay of discovery in this proceeding. Discovery stays are subject to Rule 26(c) of the Federal Rules of Civil Procedure and are rarely imposed absent the movant showing a particularized harm or injury if the Court does not grant the requested stay. *See Holsapple v. Strong Indus., Inc.*, No. 2:12-cv-

00355-UA-SPC, 2012 U.S. Dist. LEXIS 128009, at *1 (M.D. Fla. Sept. 1, 2021) (citing *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)); *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citing *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986) ("[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection" because "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."). Apart from relying on a statement made in an earlier court order and referencing a self-serving and conclusory declaration to speculate that Doe will be harassed if the Court does not stay discovery, the Motion for Stay fails to articulate what specific harm Doe herself will actually suffer if Ms. Sterling proceeds to take fact discovery with respect to Ms. De La Rosa's continued claim that she is not Beeism in the face of documentary evidence to the contrary. *See* (Doc. 41-1); (Doc. 44).

Second, to the extent the Motion for Stay asks for a stay of the entire case, the motion should be denied because the stay requested will not simplify the issues in this case or streamline a trial; will not reduce the burden of litigation on the parties or the Court; and will unduly prejudice Ms. Sterling as the non-moving party. *See Shire Dev. LLC v. Mylan Pharms., Inc.*, No. 8:12-cv-1190-T-36AEP, 2014 U.S. Dist. LEXIS 199047, at *9-10 (M.D. Fla. July 25, 2014) (listing the factors the Court generally takes into consideration in determining whether a stay of an entire case is warranted).

Last, granting the Motion for Stay, will not only run counter to the scope and purpose of the Federal Rules of Civil procedure, *see* Fed. R. Civ. P. 1, but will disserve

the public interest, which weighs against a stay of a case pending an appeal. Indeed, if we are to assume *arguendo* that Ms. De La Rosa is not Beeism, it appears that Ms. De La Rosa is working, through counsel, with the very person she claims stole and is using her identity, *i.e.*, the person she claims is behind the Beeism persona online.[1] If Ms. De La Rosa is not Beeism (which appears unlikely), granting the Motion for Stay will only incentivize and ratify what appears (as discussed below) to be collusion between Ms. De La Rosa and the Losey firm to make sure Ms. Sterling cannot prosecute her defamation and trade libel claims in any fair or equitable way.

## Background

At the outset of this proceeding, Ms. Sterling filed a motion seeking leave to serve subpoenas on Roblox Corp. ("**Roblox**") and Twitter, Inc. ("**Twitter**") to identify the person who goes by the persona Beeism online so that Ms. Sterling could formally serve this person with a summons and complaint. (Doc. 9). The Court granted the motion. (Doc. 10). Shortly after serving the subpoenas on Roblox and Twitter, Adam Losey of Losey PLLC, on behalf of Jane Doe (aka Beeism), filed a motion to quash the third-party subpoenas. (Doc. 11). The Court denied the motion to quash on October 4, 2021. (Doc. 16).

Two days later, on October 6, 2021, Mr. Losey, on behalf of Jane Doe (aka Beeism) filed an objection to Judge Kidd's order denying the motion to quash. (Doc. 17).

---

[1] *See* (Doc. 45) (Ms. De La Rosa admits that the photos published via the Beeism Twitter account depict her but she claims that a different person published the photos).

The Court, on February 2, 2022, overruled the objection. (Doc. 24). To appeal this decision, Jane Doe (aka Beeism) filed a petition for a writ of mandamus with the Eleventh Circuit Court of Appeals. To stay the proceeding pending disposition of the writ of mandamus petition, Jane Doe (aka Beeism) filed a motion to stay on February 22, 2022. (Doc. 27). The Court, while concluding Jane Doe (aka Beeism) was "not likely to succeed on the merits of her mandamus appeal," (Doc. 28, p. 5), granted the motion to stay as follows:

> The Court hereby STAYS these proceedings, including all further discovery, pending the disposition of Defendant's petition for a writ of mandamus from the Eleventh Circuit. Defendant is DIRECTED to provide the Court a status report every ninety (90) days hereafter regarding the pendency of its petition.
>
> (Doc. 28).

The Eleventh Circuit denied the mandamus petition on March 9, 2022. (Doc. 29). On March 16, 2022, Jane Doe (aka Beeism) filed another motion to stay on the basis that she intended to file a petition for a writ of certiorari with the United States Supreme Court. (Doc. 30). On March 17, 2022, the Court granted this motion for the same reasons it granted the previous motion to stay, stating:

> [T]he Court hereby EXTENDS the stay of these proceedings, including all further discovery, pending the disposition of Defendant's petition for a writ of certiorari to the United States Supreme Court. Defendant is DIRECTED to provide the Court a status report every ninety (90) days hereafter regarding the pendency of its petition.
>
> (Doc. 31).

After the March 17, 2022 order was issued, Ms. Sterling was able to identify

with a reasonable degree of certainty Madilynn De La Rosa as the person behind the online persona Beeeism, and as such, filed a motion with the Court asking it to lift the stay, allow Ms. Sterling to amend her complaint to name Ms. De La Rosa as the defendant, and to extend the service of process deadline by ninety days so that Ms. De La Rosa could be served with process. (Doc. 35) (the "**Motion to Lift the Stay**"). The Court granted the Motion to Lift the Stay on May 27, 2022 and directed the Clerk of the Court to reopen the case. (Doc. 36). As a basis for granting the Motion to Lift the Stay, the Court stated that "once the Complaint is amended Defendant's appeal will be moot and the reason for the Court's stay will evaporate." (Doc. 36 at p. 3).

On June 1, 2022, Ms. Sterling filed an amended complaint naming Madilynn De La Rosa as the defendant. (Doc. 37).[2] Ms. De La Rosa was served with process on June 14, 2022. (Doc. 40). Ms. De La Rosa filed a motion to dismiss on July 5, 2022, which remains pending. (Doc. 41). A joint Case Management Report was filed on August 18, 2022 (Doc. 46) and the Court issued a Case Management and Scheduling Order on August 17, 2022. (Doc. 48).

Ms. Sterling served her initial disclosures on Ms. De La Rosa on October 17, 2022. Other than serving the authorized subpoenas on Roblox and Twitter and the initial disclosures on Ms. De La Rosa, Ms. Sterling has yet to serve any written discovery

---

[2] Mr. Losey of Losey PLLC filed a petition for a writ of certiorari with the United States Supreme Court, which was docketed on June 9, 2022 and is styled Jane Doe, aka Beeism v. Jomy Sterling. *See* Case Number 22-10400-J. The petition remains pending.

requests on Ms. De La Rosa or any third party. Roblox and Twitter have not provided Ms. Sterling with any information sought by the authorized subpoenas. Therefore, Doe's assertion at (Doc. 53, p. 4) that "Sterling has begun engaging in discovery with De La Rosa" is at best misleading and at worst false.

Ms. De La Rosa served Ms. Sterling with her initial disclosures on October 18, 2022, a copy of which is attached hereto as **Exhibit 1**. Ms. De La Rosa's initial disclosures state "A stay, including discovery, related to Beeism's identity is in place until the disposition of Beeism's petition for a writ of mandamus from the Eleventh Circuit." **Ex. 1** at p.2, footnote 1 (citing Docs. 28 and 31). Shortly after receiving Ms. De La Rosa's initial disclosures, counsel for Ms. Sterling called counsel for Ms. De La Rosa asking for clarification regarding Ms. De La Rosa's statement in her initial disclosures that "[a] stay, including discovery, related to Beeism's identity is in place." Initially, counsel for Ms. De La Rosa stated that it was Ms. De La Rosa's position that a stay was still in place despite the Court's order at (Doc. 36). However, several days later, on October 25, 2022 at 5:13 PM, Ms. De La Rosa's counsel sent an email to Ms. Sterling's counsel, presumably after reviewing the Court's order at (Doc. 36), which stated the opposite: "[w]e do not take the position that the stay is still in place." *See* **Exhibit 2**. Less than twenty-four hours later, on October 26, 2022 at 11:32 AM, counsel for Ms. Sterling received a call from Adam Losey of the Losey firm to discuss the instant Motion for Stay. *See* **Exhibit 3**.

The timing of Mr. Losey's call and the filing of the instant Motion for Stay is no

coincidence. Clearly, the October 25 email sent by Ms. De La Rosa's counsel and Mr. Losey's October 26 call and subsequent filing of the instant Motion for Stay were coordinated. When considering how to rule on the Motion for Stay, the Court should consider asking itself the following question: **Why is Ms. De La Rosa coordinating with an attorney who claims to represent a person Ms. De La Rosa claims is the person who stole and is using her identity?** The answer to this question seems obvious to Ms. Sterling, and if she is right, the coordination between Ms. De La Rosa and the Losey firm reeks of collusion and should not be ratified or otherwise endorsed by the Court.

## Legal Memorandum

### A. Legal Standard

District courts are accorded "broad discretion over the management of pre-trial activities, including discovery and scheduling." *Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001); *see also Irving v. USAA Gen. Indem. Co.*, No. 6:20-cv-1889-PGB-EJK, 2021 U.S. Dist. LEXIS 258968, at *6 (M.D. Fla. Apr. 9, 2021) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Motions to stay discovery are permitted pursuant to Federal Rule of Civil Procedure 26(c) and may be granted upon a showing of good cause and reasonableness. *See Holsapple*, *supra*. Motions to stay discovery, however, "are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Id.* (quoting *Feld-*

*man*, 176 F.R.D. at 652); *see also Irving*, 2021 U.S. Dist. LEXIS 258968, at *6 ("[S]taying a matter is an extraordinary measure that should only be employed to further the ends of justice, and the district court should resolve any doubts against issuing a stay."). A showing of good cause and reasonableness under Rule 26(c) requires the movant to articulate a specific injury if the Court does not impose a stay of discovery. *See MAO-MSO Recovery II, LLC v. USAA Cas. Ins. Co.*, No. 17-21289-Civ-WILLIAMS/TORRES, 2017 U.S. Dist. LEXIS 205650, at *8 (S.D. Fla. Dec. 14, 2017) (citing and quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978) (finding that a party seeking a protective order must show not just speculative harm but must make a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements.").

If the movant seeks a stay of an entire case, not just discovery, the following factors are typically taken into consideration: "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." *Shire Dev. LLC*, 2014 U.S. Dist. LEXIS 199047, at *9-10 (citing *Lifewatch Servs., Inc. v. Medicomp, Inc.*, No. 6:09-cv-1909-Orl-31DAB, 2010 U.S. Dist. LEXIS 36194, at *1 (M.D. Fla. Mar. 16, 2010)). "The party seeking the stay bears the burden of establishing that a stay is appropriate under the circumstances of the case." *Id.* (internal citations omitted). This burden has been described as a heavy one. *See Landis v. N. Am. Co.*, 299

U.S. 248, 254-255 (1936) ("[T]he suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward…").

Moreover, if the impetus for a stay is a pending appeal, "[t]he Court must consider the following factors when determining whether a stay is warranted: (1) whether the petitioner is likely to prevail on the merits of the appeal or writ; (2) whether the petitioner will be irreparably harmed without the issuance of a stay; (3) whether the issuance of the stay will substantially harm other parties interested in the proceedings; and (4) whether the public interest will be disserved in granting the stay." *Nunez v. U.S.*, No. 17-20440-CIV, 2018 U.S. Dist. LEXIS 202451, at *2 (S.D. Fla. Nov. 27, 2018) (quoting *Nowak v. Lexington Ins. Co.*, No. 05-21682CIV-MORENO, 2006 U.S. Dist. LEXIS 92388, at *6 (S.D. Fla. June 19, 2006)). At bottom, "[b]ecause a stay pending appeal interrupts the ordinary process of judicial review and postpones the final resolution of litigation, it is considered extraordinary relief for which the moving party bears a heavy burden." *Id.*

### B. Argument

#### 1. The Motion for Stay fails to satisfy the standard for discovery stays under Federal Rule of Civil Procedure 26(c).

Here, the Motion for Stay does not sufficiently articulate how Ms. Sterling taking discovery on the issue of Ms. De La Rosa's continued claim that she is not Beeism will harm or injure Doe (if we are to believe Doe is not Ms. De La Rosa). On the issue of injury or harm, the Motion for Stay relies on two arguments:

First, the Motion for Stay argues that "this Court found that the partial loss of her anonymity cannot be remedied after the fact, even when many partial remedies are available that lessen the potential harm from the use of Defendant's identity to prosecute this case." (Doc. 53, p. 6) (quoting Doc. 28) (internal quotation marks omitted). This statement by the Court does not seem applicable to the issue of injury at this juncture in the case because the Court made it clear in a subsequent order at (Doc. 36) that once Ms. Sterling amended her complaint to name Ms. De La Rosa as the defendant, "the reason for the Court's [earlier] stay [would] evaporate." Therefore, the Motion for Stay must provide something more to satisfy the articulable injury standard that governs discovery stay requests under Rule 26(c) of the Federal Rules of Civil Procedure.

Second, the Motion for Stay, on the issue of irreparable harm, argues that if a stay is not reimposed, Ms. Sterling will publicly out Doe, which will lead to strangers appearing at Doe's home to harass her. (Doc. 53, p. 7). This speculation is based on a declaration filed by Ms. De La Rosa in support of her motion to dismiss that says, "Since May 13, 2022, random strangers have shown up at my house to take pictures and otherwise harass my family and me." (Doc. 41-1, ¶ 21). The idea that strangers will show up to Doe's home is based on nothing more than a self-serving, conclusory, and unverified statement made by Ms. De La Rosa. There is no actual evidence that anyone showed up to Ms. De La Rosa's home to take pictures and otherwise harass Ms. De La Rosa or her family. Ms. De La Rosa gives no details about who showed up

and when, or even how she became aware of Ms. Sterling's May 13, 2022 Twitlonger post – being that she was served on June 14, 2022 (Doc. 40) – to even know that if she did see someone in front of her house taking pictures it was because of the Twitlonger post or anything that Ms. Sterling did. There are also no details whatsoever to support the allegation that Ms. De La Rosa or her family were actually harassed. The harassment allegation is completely conclusory. Because Ms. De La Rosa's statement about being harassed as a result of the May 13, 2022 Twitlonger post is conclusory and unverified (and contradictory, creating doubt that any harassment actually occurred), it does not provide the level of specificity required to establish good cause and reasonableness under the Rule 26(c) standard. *Cf. Irving*, 2021 U.S. Dist. LEXIS 258968, at *6 ("[T]he district court should resolve any doubts against issuing a stay.").

Therefore, the Motion for Stay should be denied for failing to satisfy the Rule 26(c) standard for discovery stays.

### 2. The Motion for Stay fails to show that a stay of the entire case would be appropriate under the often-considered stay factors.

The Motion for Stay fails to satisfy the heavy burden imposed on a movant to show that a stay of the entire case is appropriate under the following often-considered stay factors: "(1) whether a stay will simplify the issues and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and the court; and (3) whether the stay will unduly prejudice the non-moving party." *Shire Dev. LLC*, 2014 U.S. Dist. LEXIS 199047, at *9-10. As an initial matter, the Motion for Stay fails to

even address these factors, so it should be denied on that basis alone since the movant has the burden of showing a stay is appropriate under these relevant factors. *Id.*; *see also Clinton*, 520 U.S. at 708. But assuming *arguendo* the Motion for Stay does address the relevant stay factors, it does not matter because each of the often-considered factors weighs in favor of denying the Motion for Stay.

A stay will not simplify the issues or streamline a trial, nor will it reduce the burden of litigation on the parties and the Court. The contested factual issue of whether Ms. De La Rosa is Beeism or not will remain a contested issue of fact in this case with or without a stay. This is because, whether the certiorari petition filed with the U.S. Supreme Court is denied or not will have no effect on the current posture of the case since a win at the Supreme Court (which is unlikely) would at most only result in the Roblox and Twitter subpoenas approved by Judge Kidd being quashed. Whether these subpoenas must be quashed or not will not eliminate the need for fact discovery on Ms. De La Rosa's continued claim that she is not Beeism. This is consistent with the Court's holding in its order at (Doc. 36, p. 3) that "once the Complaint is amended Defendant's appeal will be moot and the reason for the Court's stay will evaporate."

A stay would unduly prejudice Ms. Sterling. Because Ms. De La Rosa continues to claim she is not Beeism, Ms. Sterling must take fact discovery on this issue. Ms. Sterling cannot be prevented from taking discovery on this disputed factual issue for an indefinitely because until Beeism's identity issue is resolved, Ms. De La Rosa will

object to Ms. Sterling's written discovery on the basis she is not Beeism. Further, if Ms. Sterling cannot confirm or deny Ms. La De Rosa's stolen identity theory prior to Ms. De La Rosa's deposition, Ms. De La Rosa will answer many – if not all the – questions at the deposition with an answer of "I don't know" on the basis that she is not Beeism. Not only that, but the longer Ms. Sterling must wait to take discovery on Ms. De La Rosa's claim that she is not Beeism, there is an increased likelihood that crucial documentary evidence (electronic or otherwise) on the identity theft issue will be lost or destroyed, which will undoubtedly unduly prejudice Ms. Sterling's case. *See Garmendiz v. Capio Partners, LLC*, No. 8:17-cv-00987-EAK-AAS, 2017 U.S. Dist. LEXIS 122229, at *5 (M.D. Fla. July 25, 2017) (recognizing possible prejudice to plaintiff if Court were to stay case pending D.C. Circuit decision because of uncertainty regarding when Circuit would issue its decision and because of risk of evidence being lost or destroyed and potential for witnesses' memories to fade).

Therefore, the Motion for Stay should be denied because the often-considered stay factors weigh in favor of denial.

### 3. Granting the Motion for Stay will disserve the public interest.

Not only is the certiorari petition not likely to succeed and, as discussed above, a stay would unduly prejudice Ms. Sterling, but granting the Motion for Stay will disserve the public interest. As discussed above, based on the timing of an email Ms. Sterling's counsel received from Ms. De La Rosa's counsel and a phone call Ms. Sterling's counsel received from Adam Losey, the attorney who claims to represent "Bee-

ism," it appears that Ms. De La Rosa and the Losey firm are working together to create an unfair advantage that is designed to obstruct Ms. Sterling's ability to prosecute her defamation and trade libel claims. While it is not necessarily improper for parties to work together on a case, the coordination between Ms. De La Rosa and the Losey firm here is very suspect. This is because the Losey firm claims to represent the person who Ms. De La Rosa claims stole and his using her identity. It does not make any sense whatsoever that parties that should be antagonistic with each other are not and in fact working together. This apparent collusion between Ms. De La Rosa and the Losey firm to work an unfair advantage against Ms. Sterling should not be ratified or otherwise endorsed by the Court.

## Conclusion

Therefore, Ms. Sterling respectfully requests that the Court deny the Motion for Stay in its entirety and to issue any other relief the Court deems just and proper.

**[SIGNATURE PAGE FOLLOWS]**

DATED: November 9, 2022	Respectfully submitted,

Jomy Sterling,

By Her Attorney,
/s/ Shaun P. Keough
Shaun P. Keough (Trial Counsel)
Florida Bar # 1000985

Keough Law, PLLC
3505 Lake Lynda Dr. Suite 200
Orlando, FL 32817
Tel.: (321) 262-1146
E-mail: skeough@yourtrademarkdefender.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I served a true and correct copy of the foregoing to the attorneys of record through the Court's CM/ECF filing system and to Adam Losey via email to alosey@losey.law on November 9, 2022.

BY: /s/ Shaun P. Keough
Shaun P. Keough (Trial Counsel)

Florida Bar # 1000985