UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOMY STERLING,

        Plaintiff,

v.                                                      Case No: 6:21-cv-723-PGB-EJK

MADILYNN DE LA ROSA and
JANE DOE,

        Defendants.
_____/

## ORDER

This cause comes before the Court on the following:

1. Defendant Madilynn De La Rosa's Motion to Dismiss for Lack of Personal Jurisdiction and Failure to State a Claim (Doc. 41 (the "**Motion to Dismiss**")) as well as Plaintiff Jomy Sterling's response in opposition (Doc. 44); and

2. Defendant Jane Doe's Motion for Clarification or Stay (Doc. 53 (the "**Motion to Stay**")) and Plaintiff's response (Doc. 57).

Upon consideration, a ruling on the Motion to Dismiss is deferred in lieu of the Court granting the Motion to Stay.

This case flows from allegedly defamatory statements made online. Plaintiff and Defendant Jane Doe ("**Defendant Doe**") are content creators on the online platform Roblox from which they each derive their principal source of income. (Doc. 17, p. 2). Both also maintain Twitter accounts where they promote their

Roblox content and interact with other Roblox users. (*Id.*). Defendant Doe uses the name "Beeism" on both platforms but otherwise has remained anonymous. (*Id.* at p. 3). Plaintiff brought this action alleging that Defendant Doe twice sent out defamatory Tweets regarding Plaintiff which subsequently damaged her reputation, business, and relationships. (Doc. 1, pp. 3–7).

Plaintiff moved for and was granted leave, without opposition, to serve third-party subpoenas on Roblox and Twitter to obtain information that would have enabled Plaintiff to name and serve process on Defendant Doe. (Docs. 9, 10). Defendant Doe filed a Motion to Quash the subpoenas ten days later. (Doc. 11). Magistrate Judge Kidd denied the Motion to Quash. (Doc. 16, pp. 3–4). Defendant Doe then objected to Magistrate Judge Kidd's Denial of her Motion to Quash under Federal Rule of Civil Procedure 72(a). (Doc. 17). The Court overruled the objection, finding that Defendant Doe had not met her burden to show that Magistrate Judge Kidd's rulings were contrary to law or clearly erroneous. (Doc. 24).

To appeal, Defendant Doe filed a petition for a writ of mandamus from the Eleventh Circuit to reverse the Court's overruling of the objection to Magistrate Judge Kidd's Order. (Doc. 25). In light of the appeal, the Court granted Defendant Doe a discretionary stay of the case. (Doc. 28). The Eleventh Circuit denied Defendant Doe's petition. (Doc. 29). Defendant Doe sought an extension of the Court's discretionary stay, which the Court granted, so that Defendant Doe could seek a writ of certiorari from the United States Supreme Court. (Docs. 30, 31).

Plaintiff moved to lift the stay, amend the Complaint, and extend the deadline for service of process for 90 days upon reopening of the case. (Doc. 34). Plaintiff explained that, while the case was stayed, she was able to match a photo published by Defendant Doe's Twitter account with other online social media photos causing her to believe "Beeism" is the currently joined Defendant Madilynn De La Rosa ("**Defendant De La Rosa**"). (*Id.* at p. 3). Plaintiff sought to amend her Complaint so that she could join Defendant De La Rosa as a Defendant and requested the deadline of service be accordingly extended. (*Id.* at pp. 3–5). Defendant Doe responded in opposition that it could neither confirm nor deny Plaintiff's allegations as to the identity of Jane Doe but that it opposed an extension of the service deadline. (Doc. 35). The Court granted Plaintiff's request to amend with the understanding that "once the Complaint is amended Defendant's appeal will be moot and the reason for the Court's stay will evaporate. As such, the Court will grant Plaintiff's request to reopen the case and to amend the complaint." (Doc. 36, p. 3).

Plaintiff filed the First Amended Complaint, naming Madilynn De La Rosa as a Defendant. (Doc. 37). Defendant De La Rosa appeared for the limited purpose of moving to dismiss the First Amended Complaint for both lack of personal jurisdiction and failure to state a claim. (Doc. 41). Importantly, Defendant De La Rosa included an affidavit in which she swears under penalty of perjury that: she is not "Beeism;" she has never gone by the screen name "Beeism;" she did not write or post the relevant Tweets; she did not comment on the relevant Tweets; and that

she does not currently have, and has never had, a Twitter account. (Doc. 41-1, ¶¶ 16–20). Plaintiff responded in opposition and provided at least some evidence that might undercut Defendant De La Rosa's attestations. (Doc. 44).

In addition, Defendant Doe moved for clarification of the Court's lifting of the stay or, in the alternative, for a stay of the case. (Doc. 53). Plaintiff responded in opposition. (Doc. 57). While the Court was under the impression an amended complaint would moot the previous stay, Defendant Doe persists with her petition for a writ of certiorari to the United States Supreme Court. (*Id.*). In addition, Defendant Doe indicates that the Supreme Court docket report shows that her petition was distributed for the Justices' consideration at a conference on September 28, 2022. (*Id.*).

Given that the petition has not yet been ruled upon, the Court finds the same factors that counseled a stay at previous junctures in the case persist such that granting a stay pending the resolution of Defendant Doe's petition is appropriate. (*See* Docs. 28, 31). This is particularly the case given that the Court believes the best way to resolve the personal jurisdiction issue presented in Defendant De La Rosa's Motion to Dismiss is through limited jurisdictional discovery in the form of third-party subpoenas compelling Twitter and Roblox to disclose the identity of "Beeism." If the resolution of the petition affords such an opportunity, however, the Court plans to ensure the anonymity of Defendant Doe by reviewing *in camera* the responses to any issued third-party subpoenas. After this review if "Beeism" is not connected with or fairly traceable to Defendant De La Rosa, the Court will not

4

hesitate to sanction Plaintiff by awarding Defendant De La Rosa her reasonable attorney's fees and costs incurred defending this suit.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Defendant Doe's Motion to Stay (Doc. 53) is **GRANTED**.

2. A ruling on Defendant De La Rosa's Motion to Dismiss (Doc. 45) is **DEFERRED**.[1]

3. The Court hereby **STAYS** these proceedings, including all further discovery, pending the disposition of Defendant Jane Doe's petition before the United States Supreme Court.

4. Counsel for Defendant Jane Doe is **DIRECTED** to provide the Court a status report **sixty (60) days** from the date of this Order and every **sixty (60) days** thereafter regarding the pendency of its petition.

**DONE AND ORDERED** in Orlando, Florida on December 9, 2022.

*[signature]*

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

---

[1] Defendant De La Rosa may renew the Motion to Dismiss upon lifting of the stay. Relatedly, Defendant De La Rosa's Motion for Leave to File a Reply (Doc. 41) is **DENIED WITHOUT PREJUDICE** with leave to refile should such a need arise.