# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JOMY STERLING,**

        **Plaintiff,**

v.                                             Case No: 6:21-cv-723-PGB-EJK

**MADILYNN DE LA ROSA and**
**JANELLE FRISCH,**

        **Defendants.**

_____/

## ORDER

This cause comes before the Court on Defendant Madilynn De La Rosa's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 88 (the "**Motion**")), and Plaintiff Jomy Sterling's ("**Plaintiff**") response in opposition (Doc. 91 (the "**Response**")). Upon consideration, the Motion is due to be granted in part and denied in part, solely for the reasons stated herein.

## I.   BACKGROUND

Plaintiff initiated this action on April 23, 2021. (Doc. 1). Ultimately, on October 17, 2023, Plaintiff filed her Second Amended Complaint (Doc. 83 (the "**SAC**")) against Defendant Madilynn De La Rosa ("**Defendant De La Rosa**") and Defendant Janelle Frisch (collectively, "**Defendants**"). Therein, Plaintiff asserts three claims for relief against Defendants: a defamation *per se* claim (Count I), a defamation *per quod* or by implication claim (Count II), and a conspiracy to commit defamation claim (Count III). (Doc. 83, ¶¶ 36–48).

## II. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the plausibility standard. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In sum, the court must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual

2

allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678–79.

## III. DISCUSSION

Defendant De La Rosa seeks dismissal of Plaintiff's SAC on two primary grounds: (1) Plaintiff fails to establish that this Court has personal jurisdiction over Defendant De La Rosa, and (2) Plaintiff fails to state a claim as to all counts under Rule 12(b)(6). (*See* Doc. 88). Specifically, with regard to the latter ground, Defendant De La Rosa asserts that the SAC is an impermissible shotgun pleading. (*Id.* at p. 12). The Court agrees.

The Eleventh Circuit has "been roundly, repeatedly, and consistently condemning [shotgun pleadings] for years. . . ." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 979 (11th Cir. 2008), *abrogated on other grounds by Ashcroft*, 556 U.S. 662. There are four acknowledged types of shotgun pleadings:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action of claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Here, the Court finds that the SAC clearly falls within the first category of shotgun pleadings, "adopt[ing] the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." (*See* Doc. 83, ¶¶ 36, 41, 46 ("Ms. Sterling repeats and re-alleges each of the allegations in the paragraphs above as though they were fully set forth herein.")).

Moreover, the Court finds that the SAC arguably falls within the third category of shotgun pleadings, "commit[ing] the sin of not separating into a different count each cause of action or claim for relief." *Weiland*, 792 F.3d at 1323. As an initial matter, the extent of the alleged statements at issue is unclear to the Court. (*See* Doc. 83). In the SAC's general allegations section, Plaintiff primarily discusses three tweets. (*Id.* ¶¶ 8–35). Whereas, in pleading each count, Plaintiff alludes to various statements or claims made "to others by way of social media posts and *direct messages (such as texts and chats)*." (*Id.* ¶¶ 37, 42, 47 (emphasis added)). Because of this inconsistency in which statements are at issue, the Court is unaware of the full scope of Plaintiff's claims. Nonetheless, even assuming Plaintiff's allegations are limited to the three tweets, Plaintiff's method of pleading is still unclear. (*See id.* ¶¶ 36–45). In each count, Plaintiff incorporates allegations with respect to *all three* tweets. (*Id.* ¶¶ 37, 42, 47). Consequently, the Court is unable to decipher which tweets pertain to which count.

Ultimately, Plaintiff's use of the catch-all allegation of "false statements" muddles the claims and not only prevents the Defendants from effectively

4

responding to the SAC, but it also prevents the Court from effectively ruling on any motions to dismiss. (*See id.*). Specifically, in assessing a defamation claim—*per se* or *per quod*—the Court's analysis is tailored to the statement at issue. Because Plaintiff fails to clarify which statement is at issue for which count, the Court cannot properly assess Plaintiff's defamation claims. Thus, it appears to the Court that the SAC fails to "separate each claim for relief into a different count." *See Zimmerman v. Buttigieg*, 576 F. Supp. 3d 1082, 1091–92 (M.D. Fla. 2021) (finding the same with respect to two different tweets); *see also* FED. R. CIV. P. 10(b) ("If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count.").

Simply put, a complaint is not a guessing game, and Defendants must have "adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland*, 792 F.3d at 1323. Consequently, repleader is necessary to cure the deficiencies specified herein.[1]

---

[1] The Court emphasizes that Plaintiff's amendments shall be limited to curing the deficiencies set forth in this Order.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Madilynn De La Rosa's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 88) is **GRANTED IN PART AND DENIED IN PART**.

    a. The Second Amended Complaint (Doc. 83) is **DISMISSED WITHOUT PREJUDICE** as a shotgun pleading.

    b. The Motion is **DENIED AS MOOT** in all other respects.[2]

2. On or before September 24, 2024, Plaintiff may file an amended complaint consistent with the directives of this Order and all applicable rules and law. Failure to timely file an amended complaint may result in the dismissal of this action without prejudice and without further notice.

**DONE AND ORDERED** in Orlando, Florida on September 17, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Court notes that this Order is strictly limited to the issue of the SAC being a shotgun pleading. In denying the remainder of the Motion as moot, the Court does not address the substantive merits of Defendant De La Rosa's arguments. Consequently, such arguments are not waived, nor are they "effectively" denied.