UNITED STATES DISTRICT COURT
MIDDLE DISTRICT FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOMY STERLING,<br>        Plaintiff,<br><br>v.<br><br>MADILYNN DE LA ROSA (f/k/a MADILYNN FRISCH), and JANELLE FRISCH,<br>        Defendants. | C.A. No. 6:21-cv-00723-PGB-EJK |

### DEFENDANT JANELLE FRISCH'S MOTION FOR SANCTIONS AND INCORPORATED MEMORANDUM OF LAW

Defendant, Janelle Frisch ("Frisch"), asks the Court to sanction Plaintiff, Jomy Sterling ("Sterling"), her counsel, or both under Federal Rule of Civil Procedure 11 and the Court's inherent power based upon material misrepresentations of fact in Plaintiff's Response to Defendant Janelle Frisch's Motion to Dismiss, Doc. 111.

### BACKGROUND

This case concerns three allegedly defamatory social media posts (the "Tweets") made by Frisch under the online pseudonym Beeism. Frisch maintains and has always maintained that the Tweets are non-actionable opinion based upon matters of public knowledge—much of this knowledge coming from social media posts by Sterling herself, or Sterling's family and friends. Frisch relied on this ground, among others, in moving to dismiss Sterling's current operative pleading. *See* Doc. 107.

1

Sterling propounded discovery requests seeking, inter alia, documents supporting the public knowledge of the facts and circumstances to which the Tweets relate. On September 27, 2024, Frisch produced to Sterling a series of documents responsive to these requests. Copies of relevant documents from this production and their corresponding Bates labels are attached as Exhibit A.

Sterling filed a Response to Frisch's Motion to Dismiss on November 6, 2024 (the "Response"). Doc. 111. In this Response, Sterling and her counsel state that evidence of facts being in the public domain does not exist. As detailed herein, this statement is sanctionably false.

## ARGUMENT

Frisch's primary substantive defense is that the Tweets are opinions based on facts and statements placed in the public eye by Sterling or other third parties. In support of this defense, Frisch has submitted several external social media posts and online publications to the record and has produced a series of such documents to Plaintiff in response to discovery requests. *See* Docs. 11; 107 at 15-19; Ex. A.

The parties vigorously disagree on whether this evidence can be considered at the current stage of the litigation. *See* Docs. 107 at 16-20; 111 at 18. But this legal impact is far different from the factual issue of whether or not such evidence exists.

In the Response, Plaintiff asserts "the Pedophile Tweet is not protected speech because *nothing* in the public domain as alleged shows Ms. Sterling in fact invited a 15-year-old she met on Roblox to her house[.]" Doc. 111 at 16 (emphasis added).

The minor referenced in the Pedophile Tweet is Nelson Wancy, who used the name @iikingfrosty44 on Twitter. *E.g.*, Doc. 83-4 ¶¶ 7-8. Wancy turned 18 on February 25, 2020, which can be confirmed by public posts made by Wancy and by Taylor Sterling:





Ex. A, Frisch-0005, 0012.

Documents both of record and produced to Plaintiff's counsel document visits by Wancy to Sterling's home or trips to Disney parks on multiple occasions:

- July 13, 2018 (when Wancy would have been 16 years old):



Ex. A, Frisch-0010; *see also* Doc. 11-3 at 1.

- August 27, 2018 reference to previous visits (when Wancy would have been 16 years old) –Doc. 11-3 at 2.

- December 29, 2017 (when Wancy would have been 15 years old):



Ex. A, Frisch-0001.

4

- December 24, 2017 photo of Sterling, Taylor Sterling, and Wancy (when Wancy would have been 15 years old):



Ex. A, Frisch-0002.

*[remainder of page intentionally blank]*

5

On May 11, 2020, before the Pedophile Tweet was made, Plaintiff posted a Tweet describing her relationship with Wancy:



Ex. A, Frisch-0011.

In this post, Plaintiff says "he [Wancy] used to make maps for Taylor [Sterling] way before he met us in person." Making maps refers to developing game assets on Roblox for Taylor Sterling. This post is a public record where Plaintiff herself admits that she met Wancy through Roblox (albeit via her husband Taylor Sterling).

6

Because the first in-person meeting between Wancy and Plaintiff was at least as early as December 2017 when Wancy was 15 years old, the public domain contains evidence showing that Plaintiff had a 15-year-old whom she met via Roblox at her house. Further, the admission that Wancy worked with Taylor Sterling "way before he met us in person" and posts by Wancy suggest Plaintiff and Wancy formed an online connection when he was even younger. Ex. A, Frisch-0009.

Even on this limited record, the assertion that "nothing in the public domain" supports Frisch's defenses is demonstrably false. Given several of the posts in the public domain were from Plaintiff herself, she was aware of them, and her counsel should have been aware of them with even a modicum of investigation, particularly after Frisch raised the issue more than three years ago. At minimum Plaintiff's counsel was aware of items in the public domain on this point since Frisch filed her original Motion to Quash in June 2021. *See* Doc. 11.

But perhaps more egregiously, Frisch served documents invalidating this statement on a silver platter via production in discovery on September 27, 2024. Then Plaintiff's counsel made a representation to the Court on November 6, 2024 that no evidence existed after receiving the documents shown above which demonstrated this assertion was false. Thus, Plaintiff and her counsel have advanced and maintained a factual contention knowing it is meritless, and sanctions are appropriate under Rule 11 and the Court's inherent power.

I.  Sanctions Are Warranted Under Rule 11.

Sanctions may be imposed under Federal Rule of Civil Procedure 11 when a party files a pleading in bad faith (Rule 11(b)(1)) or when a party files a pleading that has no reasonable factual basis (Rule 11(b)(3)). *Tacoronte v. Cohen*, 654 F. App'x 445, 449 (11th Cir. 2016); *see also Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010); *Worldwide Primates v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996).[1]

The critical inquiry under Rule 11(b)(3) is whether the pleader and attorney signing the pleading had a reasonable belief in the fact asserted. *Peer*, 606 F.3, 1311; *see also Worldwide Primates*, 87 F.3d, at 1254. The reasonableness of a belief depends on the circumstances presented — but "[i]f the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound." *Worldwide Primates*, 87 F.3d, at 1254. Sanctions are warranted when an attorney exhibits a deliberate indifference to obvious facts. *Gulisano v. Cohen*, 34 F.4th 935, 942 (11th Cir. 2022) (quotations omitted).

"'[A] litigant's obligations with respect to the contents of pleadings or motions are not measured solely as of the time they are filed with or submitted to the court, but include reaffirming to the court and advocating positions contained in those pleadings and motions after learning that they cease to have any merit.'"

---

[1] While sanctions for a *legally* frivolous pleading cannot be imposed on a party under Rule 11(b)(2), sanctions for bad faith or *factually* meritless claims may be levied on both party and counsel. *See Tacoronte*, 654 F. App'x, at 449 (11th Cir. 2016) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1118 (11th Cir. 2001)).

*US Thrillrides, LLC & Polercoaster, LLC v. Intamin Amusement Rides Int. Corp. Est.,* No. 6:22-cv-2338-CEM-DCI, 2023 U.S. Dist. LEXIS 236823, at *7 (M.D. Fla. Nov. 27, 2023) (quoting *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996)) (other internal quotations omitted).

"That the contentions . . . were not frivolous at the time it was filed does not prevent the district court from sanctioning [the attorney] for his continued advocacy of them after it should have been clear that those contentions were no longer tenable." *Gulisano*, 34 F.4th, at 942-43.

Plaintiff and Plaintiff's counsel represent that "nothing" in the public domain shows that Plaintiff invited a minor she met via Roblox to her home. As detailed above, posts in the public domain made by Plaintiff show this occurred. Since these come from Plaintiff herself, her counsel should have been aware of them had he made a reasonable inquiry into the issue. Moreover, Frisch produced these documents to Plaintiff's counsel on September 27, 2024.

Therefore, Plaintiff and Plaintiff's counsel cannot have had a reasonable belief in their factual assertion that no evidence in the public domain existed. This false statement of fact to the Court is thus sanctionable under Rule 11.

II. <u>Inherent Power Sanctions Are Appropriate for Plaintiff's Misrepresentations.</u>

"'Federal courts have the inherent power to impose sanctions on parties, lawyers, or both.'" *United States CFTC v. Emini Experts, LLC*, No. 6:14-cv-1766-Orl-40GJK, 2014 U.S. Dist. LEXIS 192479, at *2 (M.D. Fla. Dec. 16, 2014) (quoting

9

*In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006)) (Byron, J.). The key to unlocking inherent power sanctions is a finding of bad faith. *Id.*

Making factual misrepresentations or obfuscating facts constitutes bad faith and is sanctionable under the Court's inherent power. *See, e.g.*, *Taser Int'l, Inc. v. Phazzer Elecs., Inc.*, No. 6:16-cv-366-PGB-LHP, 2024 U.S. Dist. LEXIS 8158, at *6, 2024 WL 185370 (M.D. Fla. Jan. 17, 2024) (Byron, J.) (sanctions imposed for intentional false statements made in discovery).

"[T]hose who lie, evade and fail to tell the whole truth obviously enjoy an advantage over honest litigants." *Forsberg v. Pefanis*, 634 F. App'x 676, 680 (11th Cir. 2015) (upholding issuance of sanctions for party's false statements of fact). A party moving for inherent power sanctions must show subjective bad faith, which may be accomplished via direct evidence of the attorney's subjective bad faith. *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020).

As discussed above, Plaintiff's counsel has represented to the Court that certain evidence does not exist. However, not only does the evidence exist, but it has also been affirmatively identified to Plaintiff's counsel in discovery responses. At best this represents a head-in-the-sand approach to the evidence in this case, a "deliberate indifference to obvious facts" indicative of subjective bad faith. *Gulisano*, 34 F.4th 935, 942.

This would not even be the first time Plaintiff's counsel, on behalf of Sterling, has been sanctioned by the Middle District for misrepresenting the state of the evidence. In a prior case, Plaintiff's counsel denied that he had received certain

10

evidence from opposing counsel. *Starline Media v. Sterling*, Case No. 6:20-cv-01210-GAP-GJK, Doc. 151 at 6 (M.D. Fla. Feb. 14, 2022), a copy of which is attached as Exhibit B. Only after extensive motion practice and an order by the court did it come to light that Plaintiff had in fact received the evidence. *Id.* at 2-5. Judge Presnell found that Plaintiff's counsel acted in bad faith by leading the court to believe that evidence had not been produced despite knowing this representation was not true. *Id.* at 7.

The same logic applies here. There is no meaningful difference between representing that evidence was not produced and representing that evidence does not exist. Both representations give the Court an incorrect impression of the factual lay of the land. When made by an attorney who knows that evidence does actually exist, such a representation is bad faith and sanctionable.[2]

## CONCLUSION

Plaintiff and Plaintiff's counsel have deliberately misrepresented the existence of evidence related to the claims and defenses in this case. This misrepresentation goes beyond merely arguing the legal impact of evidence, but rather affirmatively denies its existence and misleads the Court on the issue. Because this representation lacks a reasonable factual basis and was made

---

[2] Frisch also notes that Plaintiff's counsel has been less than candid in omitting evidence relevant to who posted the Tweets and maintaining the assertion that the Tweets were a dual effort of Frisch and co-defendant Madilynn De La Rosa despite sworn statements to the contrary. *See* Docs. 112, 113, 115.

11

deliberately and in bad faith, this Court should impose sanctions on Plaintiff, her counsel, or both pursuant to Rule 11 and this Court's inherent power.

Dated this 10th day of January, 2025.

Respectfully submitted,

**Adam C. Losey, Esq**.
Florida Bar No. 69658
**Ian T. Johnson, Esq.**
Florida Bar No. 1026225
LOSEY PLLC
1420 Edgewater Dr.
Orlando, FL 32804
(407) 906-1605
alosey@losey.law
ijohnson@losey.law
docketing@losey.law

## LOCAL RULE 3.01(g) CERTIFICATE

I hereby certify that prior to filing this motion, I conferred with counsel for plaintiff via telephone and the issues raised in this Motion were unable to be resolved by counsel.

Adam C. Losey, Esq.
Florida Bar No. 69658

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2024, a true and correct copy of this Motion was served on counsel for Plaintiff:

Shaun Keough at skeough@yourtrademarkdefender.com,

with copy to Thomas Stanton, Tstanton@bochner.law,

but was not filed with the Court until at least 21 days thereafter in compliance with Fed. R. Civ. P. 11. and I further certify that on January 10, 2025, a true and correct copy of this Motion was filed via the ECF system, causing a copy to be served on all counsel of record.

Adam C. Losey, Esq.
Florida Bar No. 69658