IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOMY STERLING,<br><br>    *Plaintiff*,<br><br>v.<br><br>MADILYNN DE LA ROSA (f/k/a MADILYNN ELANE FRISCH) and JANELLE FRISCH,<br><br>    *Defendants*. | Case No. 6:21-cv-00723 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT FRISCH'S
MOTION FOR SANCTIONS**

Plaintiff, Jomy Sterling, ("Ms. Sterling" or "Plaintiff") opposes Defendant Janelle Frisch's ("Defendant") January 10, 2025 motion for sanctions. Ms. Sterling further requests that the Court impose sanctions under Rule 11(c)(3), Federal Rules of Civil Procedure, against Defendant or Defendant's counsel for submitting an inflammatory and frivolous motion for sanctions that Defendant filed to further delay litigation, to needlessly increase the cost of litigation, and to harass Plaintiff's counsel.

## BACKGROUND

Although entirely meritless, Defendant seeks sanctions for an allegedly false half a sentence that Plaintiff included in her opposition to Defendant's Motion to Dismiss. (ECF No. 117). Ms. Sterling filed suit on April 23, 2021, and claims defamation against Defendants. Ms. Sterling alleges that Defendant "committed

intentional and tortious acts within the State of Florida," (ECF No. 105, ¶ 6) through the following false and defamatory tweets about Ms. Sterling: the Underage Tweet (ECF No. 105, ¶ 13), the Pedophile Tweet (ECF No. 105, ¶ 17), and the Wellness Tweet (ECF No. 105, ¶ 24). Ms. Sterling argues that (a) Frisch intentionally posted the false and defamatory tweets at issue on Twitter, which were accessed and read by Florida residents and therefore published in Florida; (b) the false and defamatory tweets concern the alleged activities and relationships of Ms. Sterling, a Florida resident; and (c) Frisch knew Ms. Sterling lived in Florida prior to publishing the tweets. (ECF No. 111, at 10). As Ms. Sterling established in her opposition to Defendant's Motion to Dismiss, the Second Amended Complaint sufficiently alleged publication of the tweets in Florida to satisfy Florida's long-arm statute and to survive Defendant's motion to dismiss. (ECF 111, 105).

In the instant case, Plaintiff alleges that Defendant and co-Defendant De La Rosa published the Pedophile Tweet to its large following in the Roblox community via the Twitter account *Beeism* to tarnish Ms. Sterling's reputation. At issue in Defendant's motion for sanctions is one statement that Plaintiff included in her argument surrounding Defendant's Pedophile Tweet. The Pedophile Tweets reads,

> & yea, when some1 in her mid 30's invites a 15 yo she met on roblox to her house for overnite visits OF COURSE I'M GONNA SAY SOMETHIN. never called her a pedo but I 100% stand by the fact that someone in their 30's should not invite minors to their house for overnite disneyworld trips [sic]

(ECF No. 105, at Ex. C). Defendant now seeks sanctions for an abridged statement regarding the Pedophile Tweet found in Plaintiff's opposition to Defendant's motion

2

to dismiss. Defendant claims the following statement is false and misleading, "Additionally, the Pedophile Tweet is not protected speech because nothing in the public domain as alleged shows Ms. Sterling in fact invited a 15-year-old she met on Roblox to her house." However, Defendant strategically fails to include the entire sentence, "Additionally, the Pedophile Tweet is not protected speech because nothing in the public domain as alleged shows Ms. Sterling in fact invited a 15-year-old she met on Roblox to her house, *and* the purported disclaimer – 'never called her a pedo' – is effectively negated by the statement 'OF COURSE I'M GONNA SAY SOMETHIN' in all caps." ("Plaintiff's Statement") (ECF 111, at 16) (emphasis added). Plaintiff further explains her statement in the subsequent sentences in the same paragraph:

> If "Beeism" is not calling Ms. Sterling a pedophile or someone that engages in inappropriate conduct with minors, why does "Beeism" have to publicly say anything at all? The only reason someone publicly states that a person in their 30s invited a 15-year-old she met online to her house for overnight visits (which is not true) is to imply to the reader that the 30-year old is engaging in inappropriate conduct with minors, which runs counter to the "never called her a pedo" statement. Adding a purported – and disingenuous – disclaimer to an otherwise defamatory statement cannot allow a publisher to escape liability. The disclaimer must be viewed in context and given weight accordingly, if any weight at all. See Dreggors v. Wausau Ins. Co., 955 So. 2d 547, 551 (Fla. 5th DCA 2008) (citing Morse v. Ripken, 707 So. 2d 921, 922 (Fla. 4th DCA 1998)) (To determine whether a statement is actionable or not, the court must "construe the statement in its totality, examining not merely a particular phrase or sentence, but all of the words used in a publication."). Viewed in context, the purported disclaimer is nothing more than an ineffective attempt to escape liability.

First, Plaintiff's Statement was nothing more than an attempt to summarize the Pedophile Tweet. Second, as Plaintiff's counsel explained to Defendant's counsel,

3

Plaintiff's Statement cannot be read nor analyzed in a vacuum or without context. Reading the entirety of the paragraph and in conjunction with the Pedophile Tweet, the meaning of Plaintiff's Statement is clear: there is nothing in the public domain to support Defendant's defamatory Tweet—nothing in the public domain to support (1) that Ms. Sterling invited minors to her home for illegal or nefarious purposes and (2) that Ms. Sterling hosted Mr. Wancy for overnight visits. Not even Defendant's own purported evidence and exhibits included in the motion for sanctions refences Ms. Sterling hosting Mr. Wancy for overnight visits. (ECF No. 117, at 3-5). Plaintiff's Statement (ECF No. 111, at 16), Plaintiff's operative Complaint (ECF No. 105), Plaintiff's opposition (ECF No. 111) and now the instant opposition have all constantly argued that nothing in the public domain supports Defendant's defamatory statements regarding implications of pedophilia and hosting overnight visits for minors. Plaintiff's Statement is accurate, supported by discovered evidence, not misleading, and not grounds for sanctions.[1]

The instant motion is nothing more than—yet again—another delay tactic on part of Defendant. Defendant already challenged similar notions in front of this Court and in front of the Supreme Court. Defendant's argument fails and continues to fail. It is not Plaintiff's statement that is sanctionable, but rather the instant motion that warrants sanctions for again wasting the Court and Plaintiff's time, resources, and

---

[1] Even though Plaintiff's Statement is true and supported by discovered evidence, assuming *arguendo* the Court finds Plaintiff's Statement is inaccurate, the statement is immaterial to the issue of whether Plaintiff sufficiently alleges defamation within the four corners of the Complaint.

money to litigate this inflammatory motion. Accordingly, the Court should deny Defendant's meritless motion for sanctions and instead sanction Defendant under Rule 11(c)(3).

## ARGUMENT

Defendant filed its motion for sanctions to further cause unnecessary delay, to needlessly increase the cost of litigation; and to harass Plaintiff's counsel. *See* Fed. R. Civ. P. 11(c)(3). Indeed, Defendant's motion is entirely meritless. Plaintiff's Statement, accurate and true, is nowhere near sanctionable. Rule 11 sanctions "are analogous to punitive damages." *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998). Conduct warrants Rule 11 sanctions in only three circumstances, "(1) filing a pleading that has no reasonable factual basis; (2) filing a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as reasonable argument to change existing law; and (3) filing a pleading in bad faith or for improper motive." *Grayson v. No Labels, Inc.*, No. 6:20-CV-1824-PGB-LHP, 2022 WL 1222597, at *2 (M.D. Fla. Apr. 21, 2022). Conversely, Rule 11 sanctions are not warranted, "when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker*, 158 F.3d at 529. Afterall, the purpose of Rule 11 sanctions is to deter parties from filing frivolous lawsuits. *Koly v. Enney*, 269 F. App'x 861, 864 (11th Cir. 2008). The court must evaluate whether the nonmovant's conduct was reasonable under the circumstances. *Id.* at 863. Looking to Ms. Sterling's reasonable conduct under the circumstances, Defendant fails to impute punitive and sanctionable conduct on Ms. Sterling or her counsel.

Defendant's motion for sanctions states that its "primary substantive defenses is that the Tweets are opinions based on facts and statements placed in the public eye by Sterling or other third parties." (ECF No. 117, at 2). Defendant argues that Plaintiff's Statement is "demonstrably false" and that there are Tweets in the public domain that support her public domain defense. *Id.* at 7. Defendant then shockingly argues that, because of one half-sentence in a 20-page opposition, Plaintiff must be sanctioned. Plaintiff claims that Defendant represents in its papers and to the court that "certain evidence" does not exist when, according to Defendant, such evidence does in fact exist. However, as what has become pattern for Defendant, Defendant's disingenuous argument is meritless.

Ms. Sterling has filed no pleading, including its most recent opposition to the motion to dismiss, that has no reasonable factual basis; that is not based on sound legal theory with a reasonable chance of success; or that was filed in bad faith or for improper motive. *See Grayson*, 2022 WL 1222597, at *2. As cited in her papers, Plaintiff argues that the law fully supports her defamation claims. Whereas Defendant wholly fails to establish that Plaintiff's Statement or Plaintiff's opposition has no reasonable factual basis. As explained, *infra*, Defendant's own evidence disproves her own motion. As explained to Defendant's counsel several times, Plaintiff's Statement is factual and supported by discovered evidence.

Plaintiff's Statement cannot be read nor analyzed in a vacuum without context and Defendant cannot ignore the Pedophile Tweet of which Plaintiff's Statement summarizes. Defendant cannot further unilaterally exclude the latter half of Plaintiff's

6

sentence (or exclude the Pedophile Tweet) that offers necessary context in Defendant's effort to mislead this Court. In reality, Defendant improperly attempts to use half of Plaintiff's Statement as a basis for the sanctions motion.

In her motion, Defendant takes issue with the statement "Additionally, the Pedophile Tweet is not protected speech because nothing in the public domain as alleged shows Ms. Sterling in fact invited a 15-year-old she met on Roblox to her house." (ECF No. 111, at 16.) What Plaintiff *actually* stated was, "Additionally, the Pedophile Tweet is not protected speech because nothing in the public domain as alleged shows Ms. Sterling in fact invited a 15-year-old she met on Roblox to her house, and the purported disclaimer – 'never called her a pedo' – is effectively negated by the statement 'OF COURSE I'M GONNA SAY SOMETHIN' in all caps." *Id.* Reading not only the sentence holistically, but also the paragraph and the opposition holistically, it is clear that Plaintiff communicates that Defendant's public domain defense to the Pedophile Tweet is meritless because there is nothing in the public domain that communicates (1) that Ms. Sterling invited minors to her home for illegal and nefarious purposes and (2) that Ms. Sterling hosted Mr. Wancy for overnight stays. There is nothing inaccurate, misleading, punitive, or untruthful about Plaintiff's Statement and Defendant's purported evidence does nothing to contradict Plaintiff's Statement.

Additionally, Defendant seeks to argue some form of the instant motion in nearly every pleading it submits. Plaintiff's arguments regarding the Tweets at issue have been consistent since the first-filed pleading. This Court has already determined

7

that Plaintiff set forth a *prima facie* case of defamation, including the Pedophile Tweet. *See* (ECF No. 29). The Eleventh Circuit and Supreme Court effectively confirmed that Plaintiff set forth a *prima facie* case of defamation. *See* (ECF No. 29, 65). Nevertheless, Defendant seeks to again challenge Plaintiff's claims using a frivolous Rule 11 motion. The motion is nothing more than yet another delay tactic by Defendants. The Defendants have challenged every single effort to move the case forward: every amended complaint has been met with a motion to dismiss; subpoenas have been challenged with meritless objections and then appeals to the Eleventh Circuit and Supreme Court; several filed motions to stay; refusal to provide complete discovery responses; improper objections to discovery despite the Court's denial of Defendant's most recent motion to stay; and now the harassing motion for sanctions. Plaintiff filed her complaint on April 23, 2021. Yet to date, January 24, 2025, and nearing four years since filing, the docket is devoid of a single answer to even one of Plaintiff's amended complaints.

Even more egregious, Defendant places in the public record and draws attention to prior sanctions imposed in a different case on a totally unrelated matter. Counsel's attempt to link the unrelated sanctions is not only unprofessional and violative of professional conduct, but also an attempt at character assassination of Plaintiff's counsel. The inclusion of prior sanctions in the instant frivolous motion alone warrants sanctions against Defendant's counsel for his attempt to paint Plaintiff's counsel as an unethical practitioner. Contrary to Defendant's contentions, Plaintiff does not deny its receipt of Defendant's purported evidence. Rather, Plaintiff has evaluated the

8

documents that Defendant produced and reached the same conclusion: nothing in the public domain supports Defendant's defamatory statement that Ms. Sterling invited minors to her house for illegal and nefarious reasons nor hosted Mr. Wancy for overnight visits.

## CONCLUSION

Defendant filed its meritless motion for sanctions despite Plaintiff's vehement opposition to Defendant's claims. Defendant altogether fails to prove the frivolousness of Plaintiff's claims and fails to prove the punitive conduct required to succeed on a Rule 11 motion. It is instead Defendant who filed this motion in violation of Rule 11(b) to (1) continue to cause unnecessary delay and needlessly increase the cost of the litigation and (2) harass Plaintiff's counsel regarding prior unrelated sanctions. For the reasons argued above, Plaintiff requests that the Court: (1) deny Defendant's motion for sanctions; (2) strike from the record and ECF No. 117 any reference to sanctions mentioned about an unrelated case; and (3) sanction the Defendant or Defendant's counsel under Rule 11(c)(3) for Defendant's violation of Rule 11(b).

*Dated*: January 24, 2025

By: */s/ Thomas H. Stanton*
Thomas H. Stanton, Esq.
Fla. Bar No. 127444
**BOCHNER PLLC**
100 S. Ashley Dr., Suite 600
Tampa, FL 33602
(813) 421-3883
tstanton@bochner.law
*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that true and correct copies of the document(s) identified below were served in the following manner to:

| DOCUMENT SERVED | PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS |
|---|---|
| DATE SERVED | January 24, 2025 |

| PERSON/ENTITY SERVED | DESIGNATION | SERVICE METHOD |
|---|---|---|
| Mr. Kevin A. Reck, kreck@foley.com<br>Ms. Emily J. Lang, elang@foley.com<br>Ms. Estefania Fakes, efakes@foley.com<br>**Foley & Lardner LLP**<br>301 East Pine Street, Ste. 1200<br>Orlando, FL 32801<br>T: 407-244-3269 | *Counsels for Defendant Madilynn de la Rosa* | Process Server & Email |

/s/ *Thomas H. Stanton*
Thomas H. Stanton, Esq.
Florida Bar No.127444
**BOCHNER PLLC**
100 S. Ashley Dr., Suite 600
Tampa, FL 33602
T: 813-421-3883
E: tstanton@bochner.law
ghernandez@bochner.law
litparalegals@bochner.law
Service to:
ecf@bochner.law
*Attorneys for Plaintiff*