# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| JOMY STERLING,<br>        Plaintiff,<br><br>v.<br><br>MADILYNN DE LA ROSA (f/k/a MADILYNN FRISCH), and JANELLE FRISCH,<br>        Defendants. | C.A. No. 6:21-cv-00723-PGB-NWH |

## DEFENDANT JANELLE FRISCH'S MOTION TO MAINTAIN DOCUMENTS UNDER SEAL

Defendant Janelle Frisch ("Frisch"), pursuant to Local Rule 1.11, moves to maintain the documents produced by third parties Roblox Corp. and Twitter Inc. (now X Corp.), Docs. 69 and 70, under permanent seal.

## BACKGROUND

Sterling sued Frisch alleging that Frisch, under the pseudonym Beeism, posted defamatory statements about Sterling between May and June 2020. Sterling sought and ultimately obtained documents from Roblox and Twitter for purposes of identifying Frisch as the owner of the Beeism accounts on the respective platforms. Pursuant to this Court's order (Doc. 67), the subpoena responses were filed on the docket under seal as Docs. 69 and 70 because they contain personally identifiable information of several individuals.

The Court dismissed Sterling's claims and ordered this case closed on May 29, 2025. Doc. 127. Pursuant to Local Rule 1.11(e), the seal of these documents will

expire 90 days after the closure of the case. Doc. 128. For the reasons set forth below, Frisch asks that these documents remain sealed in perpetuity.

## ARGUMENT

The presumption of openness in federal court records may be overcome upon a showing of good cause. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). In determining whether good cause exists, courts conduct a balancing test that considers the asserted right of access against the opponent's interest in keeping the information confidential. *Gubarev v. Buzzfeed, Inc.*, 365 F. Supp. 3d 1250, 1256 (S.D. Fla. 2019). This test considers, among other factors,

> (1) whether allowing access would impair court functions or harm legitimate privacy interests, (2) the degree of and likelihood of injury if made public, (3) the reliability of the information, (4) whether there will be an opportunity to respond to the information, (5) whether the information concerns public officials or public concerns, (6) the availability of a less onerous alternative to sealing the documents, (7) whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage, (8) whether access is likely to promote public understanding of historically significant events, and (9) whether the press has already been permitted substantial access to the contents of the records.

*Id.* (citations omitted).

Here, each of the factors warrant sealing the documents. "Judges in this District have previously found good cause to seal such documents, for example, when they contain personally identifiable information." *Orellana v. Roblox Corp.*, No. 6:24-cv-762-JSS-RMN, 2024 WL 4820831, 2024 U.S. Dist. LEXIS 198973, at *6 (M.D. Fla. Nov. 1, 2024) (citing cases).

### A. Sealing Will Not Impair Court Functions but Will Harm Personal Privacy Interests.

Maintaining the subpoena responses under seal will have no impact on court functions. The subpoenas accomplished their purpose of identifying Frisch as the owner of the Beeism account. The case has been disposed of with prejudice (Doc. 127) and so the Court has no need of the subpoena responses, sealed or unsealed.

However, unsealing the documents poses substantial privacy risks. The responses contain personally identifiable information, including names, addresses, email addresses, and phone numbers of Frisch as well as several non-parties. Frisch's "privacy interest in protecting this information outweighs the public's right to access this information." *Allgood v. Paperlesspay Corp.*, No. 3:20-cv-516-MMH-MCR, 2021 WL 3887558, 2021 U.S. Dist. LEXIS 168282, at *5 (M.D. Fla. June 4, 2021).

Even more than parties to litigation, "the personal identifying information of third parties deserves protection." *Shamblin v. Obama for Am.*, No. 8:13-cv-2428-T-33TBM, 2014 WL 6611006, 2014 U.S. Dist. LEXIS 163624, at *8 (M.D. Fla. Nov. 21, 2014). The non-party individuals whose information is contained in the subpoena responses are innocent bystanders in this dispute. There is no judicial reason to publicize their personal contact information, and doing so would be a wholly unnecessary invasion of their privacy. Unsealing these documents would greatly impact the privacy interests of Frisch and others. Accordingly, good cause exists for maintaining them under seal.

B. **<u>There is No Compelling Public Interest in Unsealing the Documents.</u>**

The presumption of openness is founded upon public concerns like "'the citizen's desire to keep a watchful eye on . . . the operation of government[.]'" *Gubarev*, 365 F. Supp. 3d, at 1257 (quoting *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007)). Several of the factors pertain to this interest.

Here, none of these factors support unsealing the documents. The documents do not contain pertain to government officials. While both parties have some level of notoriety on social media, this case is ultimately a personal dispute between two individuals.[1] It does not concern subjects, such as government misconduct, public safety, or similar matters that are the core justifications for public access.

Similarly, while this case may possibly have gotten some attention from the parties' social media following, it is not the type of historically significant event that the public must have access to all aspects of. There has been no request made by the press to access the documents. Accordingly, the public interest factors weigh in favor of keeping the documents sealed.

C. **<u>Remaining Factors Support Sealing the Documents.</u>**

Several factors, while having minimal relevance under the present circumstances, still support maintaining the seal. There is no remaining question

---

[1] The addition of Madilyn De La Rosa as a defendant technically makes a trio, but De La Rosa is not Beeism and did not make the posts giving rise to this case. *See* Docs. 41-1 ¶¶ 16-20, 106 at 3. The Court found it unnecessary to address this issue because "even assuming Defendant De La Rosa is Beeism, Plaintiff nonetheless fails to state a claim for relief." Doc. 127 at 6 n. 6.

4

regarding the reliability of the information given the dismissal of the case. Further, the documents are discovery material, which is generally not subject to a public right of access in the first place. *See Chi. Tribune*, 263 F.3d, at 1311. There is also no less onerous alternative to sealing. The documents are already sealed – it would be more onerous to redact or alter them to remove personally identifiable information than to simply maintain their sealed status.

The documents are not being sought by any third party, so the seventh factor is irrelevant. However, the unsealing of the documents would risk misuse of the personal data contained therein. Nothing could be done in response to the disclosure of the information. As this Court has recognized, once personal information is disclosed via the judicial process, it cannot be reclaimed. Docs. 16 at 7, 28 at 5-6. Thus, unsealing the documents would not further any legitimate purpose while imposing completely unnecessary risks that the subjects of the documents cannot mitigate.

### D. **Maintaining the Seal Will Avoid Substantial Harm to Individuals and Nonparties.**

Because disclosure of personally identifiable information may subject individuals to risks of harassment, identity theft, and other adverse consequences, maintaining the seal of the documents will avoid these harms.

This particular issue has permeated this case. Frisch asserted from the beginning that she was concerned about her identity, once uncovered in this lawsuit, being made public for purposes of harassment, a practice known as

"doxxing." Doc. 11 at 23. The Court has been cognizant of these privacy concerns, having stayed discovery into Frisch's identity while she exhausted her appellate remedies as to the subpoenas. Docs. 28, 31. The Court also ordered the subpoena responses be filed under seal and that the information therein only be used for purposes of this case. Docs. 10 at 2, 67 ¶ 4.

Co-defendant Madilyn De La Rosa appears to already have been a victim of doxxing by inclusion in this proceeding. De La Rosa stated that since she was named in this lawsuit, unidentified individuals have shown up at her home to photograph her and family and otherwise harass her. Doc. 41-1 ¶¶ 21-22.

Frisch has already lost a substantial privacy interest by being identified as the person behind the Beeism account. There is no reason to also enter her home address, phone number, and other contact information into the public record so that she can be subject to the same harassment experienced by De La Rosa. There is certainly no reason to introduce the personal information of non-parties into the unsealed court file and risk that they are similarly targeted.

The concerns over misuse, improper disclosure, harassment, and other harm remain as relevant now as ever. The Court found these presented good cause to seal the documents originally. Frisch only asks the Court to reaffirm this earlier conclusion and maintain the seal.

WHEREFORE, Defendant Janelle Frisch moves the Court for an order that the subpoena responses from Roblox and Twitter, Docs. 69 and 70, be maintained

under seal permanently, and granting any other relief the Court deems appropriate.

## LOCAL RULE 3.01(g) CERTIFICATION

I hereby certify that prior to filing this Motion, I conferred with counsel for Plaintiff Jomy Sterling who advised that he opposed this Motion.

Respectfully submitted,

**Adam C. Losey, Esq**.
Florida Bar No. 69658
**Ian T. Johnson, Esq.**
Florida Bar No. 1026225
LOSEY PLLC
1420 Edgewater Dr.
Orlando, FL 32804
(407) 906-1605
alosey@losey.law
ijohnson@losey.law
docketing@losey.law

## CERTIFICATE OF SERVICE

I hereby certify that on July 15, 2025, a true and correct copy of this motion was filed via the ECF system, causing a copy to be served on all counsel of record.

Adam C. Losey, Esq.
Florida Bar No. 69658